June, 1808.

MUNSON
v.
MUNSON.

JOSEPH MUNSON *against* JABEZ MUNSON.

A distribution of the estate of a deceased person cannot be made by distributors appointed by the heirs and devisees.

A promise by one of the heirs to pay a sum of money to his co-heir, in compliance with the determination of such distributors, is without consideration, and void.

WRIT of error.

*Joseph Munson* brought an action of *assumpsit* against *Jabez Munson*, alleging that *Jabez Munson*, their father, made his will, and thereby gave his estate to his wife and children; that in order to have a just distribution thereof, according to the will, the heirs and devisees entered into an agreement signed by each, appointing *Caleb Alling* and *Joseph Dorman* to make such distribution, and bound themselves " to abide by, comply with, and perform, all the acts of said *Alling* and *Dorman*, and all their orders, awards, and decrees, in making and finishing a distribution of said estate, and that their distribution should be final upon all parties interested." The declaration then stated, that *Alling* and *Dorman* accepted the trust, and soon afterwards made a just distribution according to the will, reduced the same to writing, and returned it to the court of probate, by whom it was accepted, approved, and recorded; and that the distributors awarded and decreed, in said distribution, that to make the parties interested equal, and to do justice according to the will, the defendant should pay to the plaintiff the sum of one hundred and one dollars of eighty-seven cents, the distributors finding, that the defendant had received so much out of the personal property belonging to said estate more than his share, and that the plaintiff wanted so much to make up his share.

The declaration concluded, by alleging that the defendant thereupon became liable to pay to the plaintiff said sum, and, in consideration thereof, assumed, &c.

The defendant prayed oyer of the will; and then demurred.

The *superior court* adjudged the declaration insufficient.

*Staples*, for the plaintiff, contended, that judgment ought to have been in his favour,

1. Because it was competent for the parties to make a distribution of this estate in any manner they chose, provided that, when done, it should be *according to the will.* If they had made the distribution themselves, the property would have passed to the individuals respectively, to whom it should be allotted. That the distribution was made by persons appointed by them for that purpose, cannot make it less valid. Would not a court of chancery compel the parties to comply with the determination of these persons? They have acted in pursuance of powers with which they were fully vested, and with which it was competent for the parties to vest them.

2. Because, on this declaration, the plaintiff might have proved an *express* promise, either written or parol; and he now has a right to say, that the defendant *expressly promised* to pay him this sum of money, in consideration of the defendant's having received more than his share of the estate, and the plaintiff less than his share. *Atkins et Ux.* v. *Hill, Cowp.* 284. *Hawkes et Ux.* v. *Saunders, Cowp.* 289. This consideration is sufficient to support an express promise to pay. It certainly

*June, 1808.*

MUNSON
v.
MUNSON.

is not weakened by the proceedings and determination of the distributors.

The case can scarcely be made plainer by argument. *Jabez* has got a hundred dollars of personal property belonging to their father's estate more than he was entitled to have. He agrees with the rest of the heirs to submit it to *A.* and *B.*, to say to whom this sum should be paid. *A.* and *B.* decide in favour of *Joseph;* and *Jabez,* in consideration thereof, promises to pay it over to *Joseph.* Why shall he not be holden to perform his promise?

*N. Smith* and *Denison*, for the defendant.

The *assumpsit,* which is raised in this declaration, is founded on the idea that the settlement of the estate of *Jabez Munson,* deceased, here set forth, is good and valid. But this is a mode of settlement unknown to our law. It will not be claimed, that it has the sanction of immemorial usage, or of any rule of the common law. Does the *statute* authorize the heirs of an undivided estate to *refer* the distribution of it? There are two modes of distribution pointed out by the statute. First, by distributors appointed by the judge of probate. This is not a case of that description. Distributors appointed by the judge of probate could not make such an order; nor would such an order, if accepted and approved, be binding upon the persons against whom it was made. Secondly, by agreement among the parties themselves, under *hand* and *seal,* and *acknowledged,* and *recorded. Stat. Conn.* tit. *Estates Testate and Intestate,* c. 1. s. 13. But it does not appear from this record, that the order or determination of these distributors was either *sealed* or *acknowledged,* by the distributors themselves, or by the heirs. Nothing has been done, then, which is of

any validity, or from which the law will imply a pro-
mise.

Can the plaintiff's claim be supported on the ground,
that here was an arbitration? This was not a proper
subject for the award of arbitrators. An award cannot
settle intestate estates. It cannot convey a title to the
smallest portion of real estate. However ample might
have been the powers of the arbitrators, they could not,
as such, vest a separate title in any of the heirs. There
can be no liability to pay money in pursuance of an
award, which cannot be carried into complete effect.

Why should this circuitous method be supported?
It is loose and unsafe. No provision is made by law
for recording the doings of arbitrators. The conse-
quence of establishing this claim will be, that our
titles to land, instead of being matters of record, will
depend upon the awards of arbitrators.

Admit, for the purposes of this argument, that dis-
tributors appointed by the heirs *could* vest a title; it
by no means would follow, that an order that one of the
heirs should pay a sum of money to the other would be
binding. An authority to *divide* does not include an
authority to order that one of the heirs shall purchase
the whole, or any part, of the estate of his co-heir.
The powers of the distributors, as set forth in the de-
claration, were limited to a *distribution*. They were
not authorized to make any order, which they might
think fit.

It is said, by the plaintiff's counsel, that the promise
set up in the declaration must now be taken to be an
*express* promise. We admit it; but if the order of
the distributors was not binding, there is no sufficient

*consideration* for that promise. This is the true ground, on which the declaration is ill.

BY THE COURT, unanimously. The question that arises in this case is, whether the consideration alleged in the declaration is a good ground to support the promise of the defendant. This consideration is the title and right in fee, which the defendant is supposed to have acquired in the lands set out, and distributed to him, by the award of said arbitrators.

But the award conveyed no title. The transactions stated do not amount to a family settlement of the estate of said *Jabez Munson*, deceased. His estate remains yet unsettled, and, on application, is liable to be divided and distributed among the heirs or devisees, by freeholders appointed by the court of probate.

The consideration is wholly void, and not sufficient to support a promise, express or implied.

Judgment affirmed,