Parker, C. J.
The question in this case is, whether the agreement, signed by the defendant, creates a legal impediment to the introduction of the evidence offered by him at the trial. In order to give it this effect, it should appear that the agreement operated as a conveyance of the defendant’s soil to the plaintiff— which cannot be pretended, for no estate can pass, according to our statutes, but by deed: or it must have amounted to an estoppel, which has not been insisted upon; no man being barred of his right, by way of estoppel, but by record or deed. How, then, does it operate ? It seems to be admitted, by the plaintiff’s counsel, that it only amounts to a license for the plaintiff to enter upon, occupy, and enjoy, the defendant’s soil; and such a license may be created by writing without seal, or by paroi. The effect of the paper, as a license, would be to protect the plaintiff against any action, by the defendant, foi any act done upon the land which would otherwise *141 be a trespass. But the effect which the plaintiff would give to it is a right to sue the defendant, if he should enter upon his own land, and cut grass, or do any act of ownership thereon. The license does not make the close the soil and freehold of the plaintiff, and therefore cannot be conclusive evidence in his favor, upon the issue submitted to the jury.
It is said that agreements of this kind have been often used in evidence, and have had their effect according to the intent of the parties. Such evidence, when submitted to a jury, may often have operated conclusively, when the point in dispute was the settlement of a line, or the identity or existence of a monument; and in the ease before us, the same paper, considered by the jury in connection with the evidence which was rejected, may bring their minds to the same conclusion. But the complaint is, that it was considered as, in itself, transferring the land of the defendant; which cannot be, according to any rules of law, or consistently with the provisions of the statute. The verdict must be set aside, and

A new trial granted, 

(a)

 It is quite clear that any disputes respecting land may be referred to arbitration, and that one party may be directed to execute all the necessary conveyances to the other, and to perform all such acts as may be requisite to confer the right and possession, (Caldw. 2.—Johnson vs. Wilson, 1 Willes, 248. — Knight vs. Burton, 6 Mod. 231 ;) and will incur a breach of the award if he neglects compliance. Where the parties referred an action of ejectment, and the premises were awarded to one party, and a subsequent ejectment was brought between the same parties concerning the same lands, and the defendant wished, at the trial, to go into evidence of the title, and the judge refused to allow it, considering him precluded by the award from disputing the title,— the Court of King’s Bench held, that the evidence was properly rejected, observing that u there was no reason why the defendant should not preclude himself, by his own agreement, from disputing the title of the opposite party; and it was decided that the consent of the parties that the award of the arbitrator should be conclusive as far as concerned the right to the land, was sufficient to bind them in the action of ejectment.” — Doe vs. Rosser, 3 East, 15. — Vide Peytoe’s case, 9 Co. 78. — Vin. Ab. Arb. A. 5, U. 11, Y. 1. — Rolle, Arb. D. 9. — Bacon, Arb. A. 7th ed. — Emans vs. Turnbull & Al., 2 Johns. R. 322.—Jones vs The Boston Mill Corporation, 6 Pick. 148. — S. C. 4 Pick. 507.— Brown vs. Bellowes, 4 Pick. 179. — A specific performance of such an award will be decreed in equity. Jones vs. The Boston Mill Corporation, ubi sup.