*Litchfield,*
*June 1836.*

Shelton
*v.*
Alcox.

---

SHELTON *against* ALCOX and another.

An award of arbitrators, *though it cannot, proprio vigore,* transfer the title of real estate, may decide in whom the title is; and it will conclude the party against *whom it is* made, and those claiming under him, from contesting such title again.

And for this purpose it is not necessary that the submission or award should be by deed.

Where *A* and *B* submitted a controversy between them respecting the title of a piece of land to arbitrators, who found and awarded, that such piece of land *belonged* to *A;* it was held, that the import of the award was, that *A* had the whole interest or estate in the land.

The party in whose favour the title of land is determined, by an award of arbitrators, may avail himself of it, in a subsequent action, by way of estoppel.

Though it is generally true, that a party neglecting to plead an estoppel cannot take advantage of *it;* yet if the state of the case is such, that the party has no opportunity to plead it, he may shew it in evidence, and *it* will have the same effect as though it were pleaded.

Therefore, where *A* brought trespass *quare clausum fregit* against *B;* to which *B* pleaded title in *C,* under whom he claimed, without shewing how *C's* title was derived or when it accrued; it was held, that *A* might give in evidence an award against the title of *C,* without pleading it.

THIS was an action of trespass *quare clausum fregit,* brought originally before a justice of the peace. The defendants pleaded title to the *locus in quo* in *Mark Alcox,* and that the alleged trespasses were committed by his order. The cause was thereupon removed to the county court; and from thence it was appealed, by the plaintiff, to the superior court.

On the trial of the cause at *Litchfield, August* term, 1835, the plaintiff claimed title to the land in controversy under *Chloe, Polly,* and *Hetty M. Shelton,* and the defendants under *Mark Alcox.* It appeared, that on the 20th of *March,* 1830, *Mark Alcox* and *Albin Alcox* claimed to be owners in fee of the premises; and that whatever right *Albin Alcox* then had therein, has since become vested in *Mark Alcox.*

On said 20th of *March, Chloe, Polly* and *Hetty M. Shelton,*
on the one part, and *Mark* and *Albin Alcox,* on the other,
made and signed the following submission: "Whereas there
is a controversy between *Mark Alcox* and *Albin Alcox* of
*Wolcott,* and *Chloe Shelton, Polly Shelton* and *Hetty M.
Shelton* of *Plymouth,* respecting the title to a piece of land,
lying in said *Plymouth,* containing about 10½ acres; [descri-
bing the *locus in quo*—] it is agreed to submit said controversy
and all claim for damages on either side for having trespassed
on the same, to the arbitrament and final award of *Erastus
Welton, Ransom Blakeslee* and *Elijah Warner jun.,* to de-
cide according to law and evidence, and to award costs; and
they are to decide to whom said land belongs; and said award
to be final. And the parties hereby bind themselves to abide
said award. Dated at *Plymouth, March* 20th, 1830." [Sign-
ed by the parties.]

On the 28th of *June,* 1830, the arbitrators named in the
submission made and published an award in writing, in the
following terms: "In pursuance of the within submission, we,
the subscribers, arbitrators within-named, met at *Plymouth,*
on the 21st day of *June,* 1830, when and where the within-
named parties appeared; and we inquired into the title of a
piece of land exhibited to us, the title to which was submitted
to us, by the said parties, said land lying in said *Plymouth,*
[describing the *locus in quo*—] and having enquired into the
subject submitted to us, and fully heard the parties, with their
exhibits, are of opinion, and do find and award, said piece of
land belongs to the said *Chloe Shelton, Polly Shelton* and
*Hetty M. Shelton,* and do award the same to them according-
ly; and that neither party recover any damages." [Signed by
the arbitrators.]

The plaintiff claimed, that the submission and award were
conclusive evidence of title in the *Sheltons;* or at least, were
evidence to go to the jury. The defendants denied that they
were any evidence of title;—at all events, they claimed, they
were not conclusive.

By consent of parties, the case was taken from the jury, and
reserved for the consideration of this court.

*P. Miner* and *Bronson,* for the defendants, contended, 1.
That an award of arbitrators cannot transfer or settle the title

*Litchfield,*
*June, 1836.*

*Shelton*
*v.*
*Alcox.*

of land. 2 *Sw. Syst.* 11. 1 *Sw. Dig.* 466. *Com. Dig. tit.* Arbitrament. D 3. *Bac. Abr. tit.* Arbitration. A. 3 *Bla. Com.* 16. *Whitney* v. *Holmes,* 15 *Mass. Rep.* 152. *Marks* v. *Marriot,* 1 *Ld. Raym.* 115. *Johnson* v. *Wilson, Willes* 248. This rule of law is founded upon obvious and substantial reasons. Arbitrators derive their powers from the parties. They cannot do any thing which the parties themselves could not do. But the parties could not transfer the title of land, without deed, signed, sealed, witnessed and acknowledged. Arbitrament, as a mode of conveyancing, is unknown to our law.

2. That if in any case, arbitrators can transfer or determine the title of land, it is only where the submission, as well as the award, is by deed. *Kyd* 62. 7 *Cranch* 176. Here neither the submission nor the award, was under seal. It is in conformity to the settled law on this subject, that the practice has prevailed of putting into the hands of the arbitrators, release deeds, executed by each of the parties, to be disposed of according to the award. 1 *Sw. Syst.* 11. 12. *Peck* v. *Goodwin, Kirb.* 64.

3. That this award cannot operate as an estoppel; first, because it has not been so pleaded; secondly, because the facts do not constitute an estoppel, which can be only by deed or record. *Church* v. *Leavenworth,* 4 *Day* 277. *Outram* v. *Morewood,* 3 *East* 346. 364. 1 *Sw. Dig.* 755. *Whitney* v. *Holmes,* 15 *Mass. Rep.* 153. *Davis* v. *Tyler,* 18 *Johns. Rep.* 490.

4. That the award in question does not, on the face of it, purport to decide the question of title. The award finds, that the land "*belongs*" to the *Sheltons;* but it does not find *what title* they have, or that they have *any title.* It finds *no fact* as the basis of a title.

5. That if a title to real estate may be transferred, by an award, it will defeat our registry law; as the transfer will not appear upon the town records, or upon any public record.

*Butler* and *T. Smith,* for the plaintiff, contended, 1. That the submission and award were conclusive evidence, that those under whom the plaintiff claims, owned the land;—not that the award operates to transfer the title to it. *Com. Dig. tit.* Estoppel. A 3. *Doe* d. *Morris* & al. v. *Rosser,* 3 *East* 15. *Jones* v. *Boston Mill Corporation,* 6 *Pick.* 148. *Sellick*

& al. v. *Adams*, 15 *Johns. Rep.* 197. *Jackson* d. *Edson* & al. v. *Gager*, 5 *Cowen* 383. *Byers* v. *Van Duerson*, 5 *Wend.* 268. *Calhoun's* lessee v. *Dunning*, 4 *Dal.* 122. 3 *Bla. Com.* 16. and n. *Kyd* on *Awards*, 55 to 63.

2. That if the evidence was conclusive against *Mark* and *Alvin Alcox*, parties to the submission, it is equally so against the defendants, their privies. *Adams* v. *Barnes*, 17 **Mass.** *Rep.* 365.

3. That if the submission and award are conclusive, it was not necessary that the plaintiff should set them forth, by way of replication to the defendant's plea. *Trevivian* v. *Lawrence* & al. 3 *Salk.* 151. *Howard* v. *Mitchell*, 14 **Mass.** *Rep.* 241. *Adams* v. *Barnes*, 17 *Mass. Rep.* 365.

4. That if the evidence was not conclusive, it is, at any rate, *admissible* in favour of the plaintiff. *Whiting* v. *Holmes*, 15 *Mass. Rep.* 152. *Doe* d. *Morris* & al. v. *Rosser*, 3 *East* 15.

WILLIAMS, Ch. J. The defendants rely upon the general doctrine of the books, that arbitrators cannot transfer or decide upon the title of real estate. Arbitrators cannot make an award of a freehold; (1 *Roll. Abr.* 242. *l.* 10.) even though the submission be by deed. Nor have they authority to meddle with the title of land only, but such award is void. *Coxall* v. *Sharpe*, 1 *Keb.* 937. Nor can partition be made, by an award; for a freehold cannot pass without livery. 1 *Roll. Abr.* 242. *l.* 16. Nor can the interest in an estate for years be transferred, by an award; for it is a chattel real. 1 *Roll. Abr.* 242. *l.* 20.

This doctrine was founded on those restraints to alienation of real property incident to the feudal system, when the ancestor could not disinherit the heir; when titles could not pass, without livery of seisin; when the lord and his vassal had mutual claims on each other. The possessor of lands held by such tenure was closely guarded, to prevent his infringing these collateral rights. *Kyd* on *Awards*, 60. 3 *Bla. Com.* 16.

These objections, however, were not, originally, entirely acquiesced in, and have been, in a great measure, overcome, in modern times, even in *England*. As early as 9 *James* I., *Foster*, J. though he held, that arbitrament for a freehold was not good, added, " unless the submission be by deed indented;

for by obligation with conditions, is not sufficient." *Peto* v. *Checy* & al. 2 *Brownl.* 130. And it was very early held, that a bond conditioned to abide an award relative to the title of real estate, was good. 3 *Bla. Com.* 16. *Kyd*, 57, 8. cites *Keilway*, 43 a. b. 45 b. 9 *E.* 4. 44. And where partition was ordered, by the arbitrators, an action of debt upon the bond for non-performance, has been sustained. *Knight* v. *Burton*, 6 *Mod.* 231. *Munro* v. *Alaire*, 2 *Caines*, 320. And if no bond was given, an action on the case for not performing the award, would lie ; for the award itself is as good as if there was a bond. 1 *Bac. Abr.* 202. n. *tit.* Arbitrament. A. (*Gwil.* ed.) And in a case as late as 8 *William* 3. it was said, by one judge, that it was a question whether the title to land was submissible, since it is in the realty. But *Treby*, Ch. J., promptly replied, that things in the realty could be submitted as well as those in the personalty ; but they could not be recovered upon the award. *Marks* v. *Marriot*, 1 *Ld. Raym.* 115. In other words, the land could not be transferred, by force of the award ; but the award itself would be good, and the party bound to perform it. If this be so, awards respecting real estate, stand upon the same ground as those respecting personal property ; for in the latter case, the property is not transferred by the award, but the plaintiff's remedy is upon the award itself. *Hunter* v. *Rice*, 15 *East* 100. Well then might the elegant commentator upon the common law say, as to this doctrine, that there can be no award about the realty. "It is a subtlety about a *form ;* for it is reduced to nothing else." 3 *Bla. Com.* 16. And modern decisions seem to have placed this doctrine upon the principle of giving to these peaceable domestic tribunals that effect, which the parties themselves originally intended. The rule now is, that where the parties can transfer real property, they can give to others such power, that they may order such acts to be done regarding it, as the parties themselves might have effected, by their own agreement. *Kyd* 61. *Cox* v. *Jagger*, 2 *Cowen* 649.

An action of ejectment was brought for land. A prior action had been brought against the same defendant. The matter was referred to arbitrators ; and bonds were given to abide the award. The premises were awarded to the plaintiff. The defendant offered to go into evidence of his title. His counsel admitted, that the award was *prima facie* evidence, but claim-

*Litchfield,*
*June, 1836.*

Shelton
*v.*
Alcox.

ed, it was not conclusive, the subject matter affecting the freehold and inheritance of land, which could not be determined by arbitration. But the court held, that though the award could not have the operation of conveying the land, there was no reason why the defendant could not conclude himself, by his own agreement, from disputing the title. The parties consented, that this award of arbitrators should be conclusive as to the right in controversy between them ; and this is sufficient to bind them in the action of ejectment. *Doe* d. *Morris* & al. v. *Rosser*, 3 *East* 15. It was said in the argument, that this was an ejectment conversant only about a term for years. This is not the ground upon which it is placed by the court. On the contrary, they say, " the parties have consented, that the award shall be conclusive," not as to the term, but " as to the right to the land." The right to the land, therefore, they intended indirectly to settle, and that upon the familiar principle, that when the facts controverted between the parties are settled, by a legitimate tribunal, those facts shall not be called in question, by these parties.

As it regards this case, it might be said, that this being an action of trespass, it is not of a higher nature than the action of ejectment. But the court do not think, that the principle adopted in the above case, was intended to be limited to the form of action. And the doctrine of that case is supported, by a series of cases, in various states in this country.

In this state, it is not known, that the question has arisen in our higher courts. In one case, this court did decide, that distribution of an estate could not be made by arbitrators ; and that the award conveyed no title. *Munson* v. *Munson*, 3 *Day* 260. The court there seemed to proceed upon the ground, that as there is a statute regulation for the distribution of estates, it must be strictly pursued. *Fowler* v. *Bigelow* & ux. 8 *Mass. Rep.* 1.

In *Pennsylvania*, the case of *Calhoun's* lessee v. *Dunning*, 4 *Dall.* 120. preceded the case in *East* ten years. There, it was holden, that the award could not give a right to land ; but a report of referees would settle a dispute about land, either in ejectment or trespass. So, in the case of the lessee of *Dixon* v. *Morehead*, *Addis.* 222. the same principle is recognised.

In *New-York*, there has been a course of decisions on this subject of one character. In *Sellick* & al. v. *Addams*, 15

*Johns. Rep.* 197. the plaintiffs in an action of trespass had a right to recover, unless in consequence of an award made under the submission of their father, from whom the estate descended. The court decided, that as the award would have been sufficient to enable the defendant to recover in an action of ejectment, it was sufficient to justify him in an action of trespass. In *Shepard* v. *Ryers*, 15 *Johns. Rep.* 497. the plaintiff and defendant were joint owners of lands, and covenanted to submit to a decision of arbitrators concerning them, and to execute releases according to their award. The defendant refused to execute the release prescribed by the award. An action was brought on the covenant, which was not sustained, no damages having accrued; but *Thompson,* Ch. J., in delivering the opinion of the court, says, that the plaintiff might possibly apply to the court of chancery and compel a specific performance of the agreement to release the land. Indeed, says he, it is very questionable, whether the defendant ever could set up his title to this land. The partition made by the persons appointed for that purpose, might be considered in the nature of an award of arbitrators, which, though it might not have the operation of conveying the land, might estop the defendant from setting up his title to this land. In *Jackson* d. *Edson* & al. v. *Gager,* 5 *Cowen,* 383. it was claimed, that there was an award relative to the location of a lot, under a parol submission. And the court held, that an award, whether it related to the title, the possession, the location or the boundaries of land, had not the operation of a conveyance; but the parties were concluded, by their agreement, from disputing the location, or boundaries, or title, as settled by the arbitrators. Its operation is in nature of an estoppel. The award, as such, is not offered as evidence of title, but to prevent either party to it from setting up a title, which has been negatived, by the award. In *Robertson* v. *McNiel,* 12 *Wend.* 575. the parties agreed to submit the question relative to the division line between their farms to arbitration, and abide thereby, under a penalty. It was held, that this was a question of location, and not of title. On the strength of such an award, the party in whose favour it was, might recover, in an action of ejectment. The opposite party was held concluded, by his own agreement, from disputing the right of the plaintiff. The award, say the court, has not the operation of a conveyance, and is as effectual, when by parol,

as under seal.   An award is conclusive between the parties as to the subject-matter.

It was claimed, that a different doctrine prevailed in *Massachusetts*.   In *Whitney* v. *Holmes*, 15 *Mass. Rep.* 152. the parties, owners of adjoining lots, agreed to select persons to run the line between their fields; and that the line run should be decisive.   The line run was in favour of the plaintiff; and he brought his action of trespass.   The defendant offered evidence, which was admitted, that the line was improperly run.   And *Parker*, Ch. J., said, it did not operate as a conveyance, and cannot operate as an estoppel, which has not been insisted on ; for that must be by deed or record.   Such evidence, when submitted to a jury, may have operated conclusively, when the point in dispute was the settlement of a line, or the identity or existence of a monument.   But the complaint is, that it was considered as in itself transferring the land of the defendant, which cannot be.   This case, certainly, seems to militate against the cases from *New-York*.   But in a more recent case, (that of *Jones* v. *Boston Mill Corporation*, 6 *Pick.* 148. 154.) which was a bill in chancery for a specific execution of an award relative to lands, by which they were ordered to execute releases, Ch. J. *Parker* says, the award itself settles the limits of the plaintiff's claim ; and as he had covenanted to make and execute any deed of release, which may be necessary for that purpose, he might be compelled, by a bill, to perform the covenant.   But a release was not necessary to either party ; *for it is clear, that the award itself would establish the title;* and he cites the case of *Shepard* v. *Ryers* and *Sellick & al.* v. *Addams*, to prove, that an award of land to one party estops the other from setting up a title to the land awarded ; and that when an award settles the boundary of land, the party to whom it is awarded may maintain ejectment, or justify in trespass brought by the other party.

In *New-Hampshire*, the same subject has recently been before their court, in an action of debt on a bond.   In giving their opinion, the court say, when an award has been made, in pursuance of a submission, in which the title to real estate has been left to the decision of arbitrators, we consider the determination to be conclusive between the parties as to the title.   A judgment thus rendered, like all other judgments, is final and conclusive between the parties.   *Cary* v. *Wilcox*, 6 *N. Hamp. Rep.* 177.

The case of *Drane* v. *Hodges,* 1 *Har. & McHen.* 262. which occurred in *Maryland,* before the revolution, seems a solitary exception to the current of *American* decisions. Under these circumstances, unless it can be shown, that this case is to be distinguished in principle from the cases cited, it cannot be expected, that this court will disregard the light reflected by so many modern luminaries, and revert to the crude notions, which formerly prevailed upon this subject.

It was said, the submission was not by *deed.* If there is any weight in this objection, it must extend to the award, as well as to the submission. If the submission was a power of attorney, by virtue of which the award transferred the title to the land, as the objection seems to suppose, it would be deserving of great consideration. The award, however, has not the operation of a conveyance ; and is, therefore, as effectual without deed, as if under seal. This question was settled, in several cases in *New-York,* where the question was as to the boundaries or location of the land ; and it is not easy to see any substantial distinction. *Jackson* d. *Nellis* v. *Dysling,* 2 *Caines,* 198. *Jackson* d. *Edson* & al. v. *Gager,* 5 *Cowen* 387. *Robertson* v. *McNiel,* 12 *Wend.* 575.

Connected with this is the objection that it defeats our registry law. That law requires deeds to be recorded ; but this is not a deed ; of course, no record can be necessary, any more than the verdict of a jury need be recorded in the town-clerk's office. If it be said, it is making it more difficult to ascertain the title, as it will not appear upon record, it is replied, that whenever it is necessary to call upon arbitrators, it supposes a degree of uncertainty, either in the record title itself, or by reason of extraneous facts ; and that the determination of disputes arising from such circumstances would be more conducive to inform the public of the true state of the title, than to leave them as before ; and that there must, necessarily, be many cases, where the record in any clerk's office, cannot contain complete evidence of title ; as where the title has been acquired by possession, or by descent, and no proceedings have been had in the probate office.

The fact that it has been common to make release deeds and deliver them to the arbitrators, to enable them to terminate the dispute, has also been alluded to. This has been a common course of proceeding ; and so it has been, to put notes into the

hands of the arbitrators, to be delivered according to their award. That, however, does not prove, that the award would be invalid without them. In either case, it is the most simple, and perhaps the best mode; but not the only one.

It was further urged, that the award was not operative, because it found *no fact,* or did not find it in such a manner as ought to be regarded. The submission was of a controversy respecting *the title* to a piece of land. The arbitrators *find and award,* that said land *belongs* to the *Sheltons,* and *award it* to them accordingly. Now, their award is as broad as the submission; and the question arises, can we ascertain, with sufficient certainty, what these parties intended to submit? The ancient strictness in construing submissions, is passed away; and they are now to be construed according to the true intent of the parties. When these parties submitted *the title* to this property, they must have intended to use the word in its ordinary sense—the right to, or ownership in, this land. This is the ordinary acceptation of the term. When we say, a man has the title to a farm, we mean, he is the owner of it; and *vice versa.* And this corresponds with the legal meaning. He who has the possession, the right of possession, and the right of property, has a perfect title. 2 *Bla. Com.* 199. When these parties were contesting as to the title or ownership of this farm, they must have meant precisely what the arbitrators meant, when they found to whom it *belonged.* They meant to have it ascertained which of these parties had the interest or estate in this land; or which, in common parlance, had title to it. Had they meant by title, something less than the whole estate, it must be shown: there is, certainly, no reason to presume it.

Again, it is said, that the facts proved, constitute no *estoppel,* as an estoppel can be created only by a record or by deed. That a writing only, unless under seal, will not constitute an estoppel, is true. *Comb.* 59. *Davis* v. *Tyler,* 18 *Johns. Rep.* 492. But that certain acts *in pais* will constitute an estoppel, is equally true. Instances given by Lord *Coke* are—by livery, by entry, by acceptance of rent, by partition, &c. *Co. Litt.* 352. *a.* Or, if a woman brings a writ of dower, and has judgment, she estops herself from claiming any other estate in the land. *Vernon's* case, 4 *Co.* 5. If a man holds out to the public a woman to be his wife, he shall not be permitted to de-

ny it; at least, as to them who might suffer by it. Here, the parties have mutually agreed to submit this controversy to the final decision of the arbitrators; on faith of which, the arbitrators have proceeded to settle it according to the submission. After a party has taken his chance of an award in his favour, it would be most unjust that he should be permitted to say *that shall not operate.* And the application of the doctrine of estoppel, in the case of *Doe.* d. *Morris* & al. v. *Rosser,* 3 *East* 15. and the cases cited from *New-York,* is founded on principle, and meets the entire concurrence of the court.

One other objection remains to be considered. It is said, that the estoppel ought to be pleaded. The rule on this subject, is well established, that a party neglecting to plead an estoppel, cannot take advantage of it. *Speake* v. *Richards, Hob.* 206. But it is now as well established, that if the state of the case is such that the party has not opportunity to plead it, he may shew it in evidence, and it will have the same effect. *Trevivian* v. *Lawrence* & al. 3 *Salk.* 151. S. C. 1 *Salk.* 276. *Adams* v. *Barnes,* 17 *Mass. Rep.* 368. The only question then here, is, whether such an opportunity has been afforded to this plaintiff. To the tresspass complained of the defendants plead the order, and justify under the title, of *Mark Alcox.* How that title was derived, and when it accrued, they do not show. The plaintiff cannot be supposed to know on what title they rely. If he had set out this award, and demanded they should be estopped by it, is apparent it would not have answered the plea; because an award showing that *Mark Alcox* had no title in *June,* 1830, is no answer to a plea, that he had title at the time of plea pleaded, *viz.* in *August,* 1835. *Hubbard* v. *Norton,* 10 *Conn. Rep.* 434. It is not very easy to see, then, how the plaintiff, in his replication, could have had advantage of the estoppel.

The result is, that the court are of opinion, and advise the superior court, that the award concludes *Mark Alcox,* and those claiming under him, from contesting this title again; and that the plaintiff can make use of it, for this purpose, although he has not pleaded it.

The other Judges concurred in this opinion.

*Judgment for plaintiff.*