BENJAMIN GOODRIDGE *vs.* JONATHAN DUSTIN.

Parties to an action of trespass *quare clausum fregit* submitted the determination of the action to referees, under a rule of court, with an agreement that they should "settle the division line between the *locus in quo* and the land of the defendant." The referees made their award, "that the division line between the estates of the parties be fixed and established," by certain boundaries specifically described in said award; and this award was returned to the court, accepted and recorded. *Held,* that this record was conclusive on the parties, and that in a writ of entry afterwards brought by one of them against the other, to recover land on the demandant's side of the line thus established by the referees, the tenant could not be permitted to show that the referees erred in their judgment, and that the line established by them was not the true boundary line between him and the demandant.

WRIT of entry to recover possession of a parcel of land in Danvers.

At the trial before *Wilde,* J. the demandant offered in evidence the record of a former action of trespass *quare clausum fregit,* brought by him against the tenant. That action was submitted to referees, by a rule entered into in this court, at

November term 1840 ; and it was therein agreed that the referees were " to settle the division line between the *locus in quo* and the land of the defendant." The referees, after hearing the parties, returned their award to this court, and it was accepted, and judgment was thereupon rendered for said Goodridge. The award was, *first*, that said Dustin was guilty of the trespass alleged against him in said Goodridge's writ, and that said Goodridge recover damages and costs ; and *secondly*, " that the boundary or division line between the estates of said Goodridge and said Dustin, in Danvers, on the southerly side of the Reading road, and westerly of Foster Street, be fixed and established " as specifically and minutely stated in said award.

It was admitted by the tenant, that if the line established by the referees was the boundary line between his land and that of the demandant, the latter was entitled to recover possession of the premises demanded in his writ.

The tenant offered to prove that the true boundary line between the lands of the parties was not that which was fixed by the referees, and that they erred in judgment, on the evidence submitted to them, and exceeded their authority, in the award made oy them, as appears on the face of the papers.

The judge excluded this evidence, and ruled that the award and the record of the judgment aforesaid were conclusive evidence of title in the demandant up to the time fixed by the referees.

A verdict was returned for the demandant. Judgment to be entered on the verdict, if said ruling was right ; otherwise, a new trial to be ordered.

*N. J. Lord*, for the tenant, cited *Whitney* v. *Holmes*, 15 Mass. 152. Kyd on Awards, 61.

*Proctor & Ward*, for the demandant, cited *Doe* v. *Rosser*, 3 East, 15. 3 Phil. Ev. (4th Amer. ed.) 1037. Watson on Arbitration, 38, 147. *Davis* v. *Havard*, 15 S. & R. 165. *Carey* v. *Wilcox*, 6 N. Hamp. 177. *Jackson* v. *Dysling*, 2 Caines, 198. *Robertson* v. *Mc.Niel*, 12 Wend. 583. *Jones* v. *Boston Mill Corporation*, 6 Pick. 148.

HUBBARD, J. This is a writ of entry, and to maintain his

action the demandant offered in evidence the record of a form er suit between the same parties, who are adjoining owners; and it is admitted that if the line established by the referees, whose report is a part of the record, is the boundary line between the parties, the demandant is entitled to recover possession of the premises demanded in his writ. The tenant offered to prove that the true boundary line between the parties was not that fixed by the referees, but that they erred in their judgment on the evidence submitted to them, and exceeded their authority, in the award made by them, as appears on the face of the papers.

This evidence was rejected by the judge who presided at the trial, and a verdict was returned for the demandant. If this ruling was wrong, the verdict is to be set aside, and a new trial granted.

The former action between these parties was trespass *quare clausum fregit*, and while pending in the supreme judicial court, they agreed to refer it to the determination of three arbitrators, who were to settle the division line between the *locus in quo* and the land of the defendant.

After meeting and hearing the parties and viewing the premises, they decided that the boundary or division line between the estates of the parties be fixed and established, as therein described ; which award was returned into court, and accepted and recorded.

As to the objection, that the referees exceeded their authority in making such award, and that it appears on the face of the paper, we think it is untenable. The action of trespass *quare clausum fregit* was referred to the referees, and they were also to settle the division line between the parties. The authority thus conferred upon them they do not appear to have exceeded, but to have executed strictly.

It is a well settled principle, that awards are not to be set aside for errors in judgment merely, committed by the arbitrators. The parties choose their own judges, relying upon their judgment ; and if awards were to be set aside or opened, for such errors, no award would be conclusive, and the very object of entering into a rule of reference would be defeated. But it

31 *

s contended in this case, that if this award is conclusive between these parties, it will operate as a conveyance of land ; that land cannot be conveyed by the mere judgment and deter mination of arbitrators ; and that estates can only be passed by deed. And to support this position, the counsel rely mainly, if not wholly, on the case of *Whitney* v. *Holmes*, 15 Mass. 152. But we think the present action may be determined upon principles not necessarily inconsistent with that decision. That appears to have been a parol award, which was offered in evidence, while this was an award made under a rule of court, and returned into the same, and accepted and recorded. In the former suit between the parties now before the court, the question of boundary was a fact in dispute, and might have been tried by the jury upon proper pleadings ; and for the purpose of settling it the reference took place. An award was then made on the specific subject, was returned into court, and ac- cepted and recorded. An award thus accepted and recorded is in our judgment equally valid and conclusive with a verdict founded on the same fact distinctly put in issue between the parties ; and a judgment on an award made and recorded is a good bar to another action founded on the same fact or title. *Doe* v. *Rosser*, 3 East, 15. *Arnold* v. *Arnold*, 17 Pick. 1. Jackson on Real Actions, 275. *Outram* v. *Morewood*, 3 East, 346. *Kitchen* v. *Campbell*, 3 Wils. 304.

Without intending to controvert the position, that land cannot be conveyed by the mere determination of arbitrators, and that estates can only be passed by deed, yet we think a just distinction may be made between questions of title, and those of boundary, though the one may occasionally be involved in the other. In the matter of boundary the question is, which is the true line of division between adjoining estates, and the removing of the uncertainty attending the settling of the line can as well be done by an arbitration and award, as by deed ; and the effect of such a judgment is not to change the titles to a portion of the respective estates, but to confirm each in his own estate ; and by such award, the parties shall be concluded as to their boundaries.

The case of *Whitney* v. *Holmes*, 15 Mass. 152, which has been relied upon by the tenant, does not appear to have been thoroughly argued ; and the agreement proved in the case seems to have been treated by the counsel as a license to enter upon the defendant's land ; and so considering it, we think the reasoning of the court to be entirely correct. But the court, in the introductory part of their opinion, speaking of the agreement, say, " in order to give it this effect, it should appear that the agreement operated as a conveyance of the defendant's soil to the plaintiff, which cannot be pretended ; for no estate can pass, according to our statutes, but by deed. Or it must have amounted to an estoppel, which has not been insisted upon ; no man being barred of his right, by way of estoppel, but by record or deed." We are of opinion that here too restricted an operation is given to the construction of awards between parties, though neither records nor deeds. In our judgment, an award respecting lands, though it will not have the direct effect of conveying lands, will yet conclude the parties from disputing the title or boundary which is distinctly settled by the award, and that it shall operate by way of estoppel. Not that the land passes by the award, but that by force of the agreement of the parties, they shall not be permitted to allege facts contrary to those directly established by the award ; and that like an estoppel, it is mutual between the parties. And with this agrees the current of authorities. 1 U. S. Digest, Arbitrament and Award, 551, 571.

So far therefore as the case of *Whitney* v. *Holmes* maintains a contrary doctrine, we think it cannot be sustained.

Some cases have even gone so far, that on a *mere question of boundary*, a parol submission and award have been held conclusive between the parties ; but as to this, we express no opinion

*Judgment on the verdict.*