SOLOMON E. BYAM *vs.* JAMES ROBBINS.

An oral award by referees, under an oral submission, is competent evidence upon a question of disputed boundary between the parties.

HOAR, J. This was an action of tort in the nature of trespass *quare clausum fregit*, and was referred to an arbitrator under a rule of court. The case turned upon the title, which depended upon a question of boundary. The defendant offered evidence of a previous oral submission of the disputed boundary to referees and of their award, made orally, and published to the parties. The plaintiff objected to the admission of this evidence, but the arbitrator decided to admit it as competent,

though not conclusive; and found in the alternative; for the defendant, if the evidence was admissible, otherwise for the plaintiff. It appeared that the parties made no objection to the former award, when it was communicated to them; but on the evening of the same day, the plaintiff gave the defendant notice that he would not abide by it. The only question which the case presents is, therefore, whether the decision of the referees was admissible in evidence for the defendant.

In *Goodridge* v. *Dustin*, 5 Met. 363, and *Searle* v. *Abbe*, 13 Gray, 409, it was decided that the award of referees appointed under a rule of court by agreement of the parties, to settle a disputed boundary, being accepted and judgment rendered upon it, was conclusive in a subsequent controversy concerning the same boundary between the same parties.

In *Whitney* v. *Holmes*, 15 Mass. 152, the reference was by a written agreement, and the award was made in pursuance of it, but not in writing; and it was held not to be conclusive evidence in favor of the party that relied on the award to establish the boundary. But the court, in granting a new trial, state that the award was evidence as to the true position of the line between the parties, and evidence which might be conclusive upon the minds of a jury; though subject to be controlled by evidence to the contrary. The observations of the court in the opinion delivered in *Goodridge* v. *Dustin*, tend to shake the authority of *Whitney* v. *Holmes*, and to show that an award by parol should have been treated as conclusive, unless the award could be impeached for some legal cause; but the distinction was taken between the cases, that in the later case the judgment upon the award was equivalent to a judgment upon a verdict founded on a fact distinctly at issue between the parties; and the court expressly reserve their opinion upon the point, whether, on a mere question of boundary, a parol submission and award should be held conclusive.

In *Clark* v. *Burt*, 4 Cush. 398, Mr. Justice Dewey said that the court " had no doubt, that on a question of the precise location of a boundary line between two adjacent owners, the legal rights of the parties may be fixed by an award of arbitrators

mutually agreed upon to ascertain and fix the true boundary. There the submission was by an instrument under seal, and the award was in writing.

In *Tolman* v. *Sparhawk*, 5 Met. 476, Mr. Justice Wilde observed that in this commonwealth and in Maine, a parol agreement as to a boundary line had been held to be evidence of the accuracy of the line thereby established, though it is not conclusive to prevent either party from showing that it was settled erroneously. See also *Sparhawk* v. *Bullard*, 1 Met. 95.

In New Hampshire, a parol agreement between adjoining owners of land to settle a division line, when executed, is held conclusive upon the parties and all claiming under them. *Sawyer* v. *Fellows*, 6 N. H. 107. *Gray* v. *Berry*, 9 N. H. 473. *Orr* v. *Hadley*, 36 N. H. 575. And this as well in the case of an implied as of an express agreement. *Eaton* v. *Rice*, 8 N. H. 378.

In *Philbrick* v. *Preble*, 18 Maine, 255, the supreme court of Maine decided that an award by parol fixing a boundary line was not binding upon the parties to the submission; and give as a reason that "the title to real estate cannot be affected by any agreement or award not in writing." In *Gove* v. *Richardson*, 4 Greenl. 327, the same court held that if a dividing line be settled by a parol agreement and long acquiescence following the settlement, it is to be regarded as strong evidence of the accuracy of the line thus established. The acquiescence would seem to be of no other importance than as additional evidence of the agreement of the parties.

In none of these cases, unless in *Philbrick* v. *Preble*, is there any intimation of a doubt that an oral submission to and award of referees would be competent evidence upon a question of disputed boundary; and we can have no doubt that such evidence has always been regarded as competent in this commonwealth. As was suggested in *Goodridge* v. *Dustin*, and in *Searle* v. *Abbe*, it is not a question of title, though the question of title may be occasionally involved in it. The application of the description in a deed, or other record evidence of title, to the land conveyed, must always be made by parol. The existence

and position of a monument must be established in that way. An agreement of the parties, verbal or written, though not effective as a conveyance, is evidence of the true location of lines or monuments. And there seems to be no good reason why a fact which parties can lawfully agree on for themselves, may not, by their consent, be determined for them by arbitrators, with the same effect as if they had agreed to it without such assistance. When the award is made, the agreement is executed and becomes operative. *Judgment for the defendant.*

*I. S. Morse & G. Stevens*, for the plaintiff.

*D. S. Richardson*, for the defendant.