# CHRISTIANSON *a.* SINFARD.

*New York Superior Court; General Term, February,* 1865.

## ESTOPPEL.—WAIVER OF CAUSE OF ACTION.—DEFENCES.

The rule that where the true owner of land tacitly suffers another person to occupy and improve the same without interposing his own claim, he will be barred in equity from claiming the property without compensation for the improvements, does not apply where his acts or silence have not misled such other party.

Where the person encroaching knows what he is doing, it is not necessary for the true owner, in order to protect his rights, to give notice to desist.

When a cause of action has once accrued, it can only be destroyed by satisfaction or release.

Thus, where the defendant owning land, and knowing what was his true boundary, put up a building which encroached upon the adjoining land of the plaintiff;—*Held,* that the mere passive acquiescence of the plaintiff did not affect the title.

Appeal from a judgment entered on the report of a referee.

*J. C. Dimmick,* for the plaintiff.

*Mr. Schefflin,* for the defendant.

BY THE COURT.—McCUNN, J.—The dispute in this case arises from the overlapping of a wall on an adjoining lot in Thirty-second-street in this city. Plaintiff and defendant bought at different times two lots adjoining each other. On the plaintiff's lot there was a house. After the purchase it was ascertained that the house encroached on the defendant's lot 5¼ inches in front and 4½ in rear. Plaintiff brought ejectment, and when the cause was about to be tried, an arrangement was entered into whereby the suit was discontinued, and the number of inches on which the house encroached was conveyed to plaintiff for the consideration of $316. The conveyance, however, not only carried with it the land on which the encroachment was, but also covered the strip back to and ending in a point in

the rear of the lot. Afterwards the defendant built on his lot, and instead of adhering to his agreement, he extended his house and fence over the vacant ground he had recently conveyed to plaintiff, and for the recovery of which this action is brought.

It is claimed by the defendant that the conveyance of the strip of ground the entire length of the lot was a mutual mistake; and that the defendant only intended to convey the number of inches which the house overlapped; also, that the defendant was estopped from claiming his land because he did not protest when defendant was building his house.

After a careful examination of the case, I am satisfied that neither of these grounds can be maintained.

It would certainly not be very complimentary to the legal gentlemen engaged on both sides in the first litigation, to believe that where a matter was in dispute, and an amicable settlement had taken place, that both the counsel could have been mistaken, for they both testify that it was intended that the entire strip should pass. Besides, there are no less than two agreements in writing to that effect—the agreement to sell and the deed conveying; and in addition we have the positive testimony of the plaintiff, declaring that the whole strip was intended to be conveyed.

Against this strong array of testimony I can only find the evidence of the defendant, as to what he believed and intended to convey.

I am at a loss to conceive what theories in regard to the application of evidence could have taken possession of the referee's mind, when he found that a mistake had been made in the conveyance, for his findings in this respect are clearly against the preponderance of proof.

The remaining question to be considered is, how far the acts or admissions of the plaintiff, made when the wall was being built, will estop him from a recovery in this action.

The leading principle of estoppel is the mutuality of minds. There must be consent, or there must be entire ignorance on one side, and concealment of the facts by the other, from interested motives.

If a party owning land knowingly suffers another to purchase the same, and the purchaser improves the property without the

owner making known his claim, the law is, that he shall be barred in equity from claiming the property, without compensation for the improvements. This is the rule laid down in the case of Town *a.* Needham (3 *Paige*, 545), and in 7 *Barb*, 409, and 8 *Ib.*, 102. But this principle can only be applied where the acts or admissions of the owner have been such as to mislead and injure an innocent party. In this case, however, the defendant positively knew he had parted with his title; consequently he had no right to build on the premises. I hold that, where the party encroaching knows what he is doing, it is unnecessary for the plaintiff to protest, or to inform the defendant of the wrong he is perpetrating. This is established in Miller *a.* Platt (5 *Duer*, 273); Swick *a.* Sears (1 *Hill*, 17). The encroachment in this instance was perfected before the plaintiff knew any thing of it; for I find, from the evidence, that the wall was four or five feet high before the plaintiff knew what defendant was doing on the premises, and consequently plaintiff's right of action had accrued; and it is well settled that where a cause of action accrues, it can only be released for a valuable consideration.

The case of Bayles *a.* Usher (4 *Moore & Payne*, 791) is a leading case in establishing this doctrine. That case was an action of trespass for a wrongful distress of goods for rent. The property had never been removed, and the plaintiff had the free use of the same, and it was absolutely restored to him before suit was brought. Yet the action was held to lie. The court there clearly defined the rule to be, that where a right of action once vested, it could only be destroyed by release, or by the receipt of something in satisfaction; and such was the language of Justice PAIGE, in the case of McKnight *a.* Dunlop, 5 *N. Y.* (1 *Seld.*, 537), and of Judge COWEN, in the case of Bowman *a.* Teall, 23 *Wend.*, 309); and in the case of Willoughby *a.* Backhouse (4 *Dowl. & Ryl.*, 539), BAYLEY, J., said that there was no such thing as a man's waiving his right of action when once a wrong had been committed. Indeed, the principle of law to that effect is so clear that it is useless to cite cases in support of the proposition.

The case of Miller *a.* Platt (5 *Duer*, 273), in this court, is an analogous case to the one under consideration, and the conclusions of law there settle the question involved here. In that

case it was held that the mere standing by and suffering another to erect a building is not effectual to give title. Also, The King a. The Inhabitants of Butterton (6 *T. R.*, 554); Swick a. Sears (1 *Hill*). In the case of The King a. Inhabitants of Butterton, Justice LAWRENCE intimated that such silence could only excuse a trespass, but that it could not pass a title. Indeed, in the case of Whitney a. Holmes (15 *Mass.*, 152) the court went so far as to say that a party cannot be barred of lands except by record or deed; and in the case of Gerrish a. The Union Wharf (26 *Maine* [13 *Shepley*], 384), it was held that a written instrument, not under seal, could not estop a party from claiming his land. It might excuse trespass, but could not affect title. In the case of Swick a. Sears, where a party purchased premises, and plaintiff stood by and saw him purchase and pay his money, and also advised him to purchase, and declared that a deed would pass the premises and make defendant's title perfect, it was held that, in a court of law, the party so advising was not estopped from claiming the lands.

The principle could be further illustrated by citing numerous other American and English authorities, but I have satisfied myself by simply referring to the above cases.

When the defendant in this action built his wall, the evidence is clear that he knew perfectly well how far his line extended; and that when he so built, although the plaintiff may have passively acquiesced with the course he was pursuing, yet he was building at his peril. Such acquiescence on the part of the plaintiff does not, in my opinion, release the defendant from responsibility in this action.

The judgment should be reversed and a new trial ordered, with costs.

ROBERSTON, Ch. J., and GARVIN, J., concurred.