ISRAEL S. LOVE, survivor of S. G. BAKER, *Plaintiff in Error,*

*vs.*

WILLIAM S. ROCKWELL, *Defendant in Error.*

ERROR TO ROCK COUNTY COURT.

No appeal lies from a judgment of a justice of the peace exceeding $15.00, where no issue of fact or of law has been joined between the parties. This seems to be *casus omissus* of the statute.

A party is not permitted to contradict his own recognizance of appeal, after he has obtained the delay contemplated by the appeal.

When a suit is brought on a recognizance, the party is estopped from denying that an appeal has been taken in a case decided by the justice, in contradiction of his recognizance, executed in conformity to the statute for the purpose of perfecting an appeal, although no appeal lay from the decision of the justice.

This was an action of debt before Wm. M. Crozier, Esq., justice in Rock County, commenced by Barker & Love against Abbott & Rockwell.

The declaration set forth that on the 20th day of March, 1852, a suit was pending before one Goddard, a justice of said county, in favor of Barker & Love against said Abbott, that the justice had jurisdiction of the said Abbott and of the subject matter, and that the justice then and there rendered a judgment in said suit in favor of plaintiffs, against said Abbott, of $33.69 damages and $1.53 costs, as appears of record on the docket of said justice ; that on the 22d day of March, 1852, the said Abbott did take, make and perfect an appeal from said justice to the County Court, and then and there the said Abbott & Rockwell did enter into a recognizance before the said justice, and by said recognizance did then and there acknowledge

themselves to owe and be indebted to plaintiffs, in the

sum of eighty dollars in due form, and according to the provisions of chapter eighty-eight of the Revised Statutes of Wisconsin, conditioned that if the said Carlisle S. Abbott should prosecute his appeal with all due diligence to a judgment in the County Court, and if judgment should be rendered against him in said court, pay the amount of said judgment, including costs of appeal, with interest. Or, 'if his, the said Abbott's appeal should be dismissed or discontinued, that he would pay the judgment aforesaid recovered against him before the said justice Goddard and the interests thereon with costs of appeal, and abide the order the court might make therein, then said recognizance was to be void, otherwise of force.

The declaration then averred the entering of said appeal in the next May term of the County Court, the dismissing of the appeal, the service on the justice of the certified copy of the order dismissing the appeal, the issuing of the execution by the justice against Abbott on the judgment against him, and its return unsatisfied, as the statute requires, and a request on the defendants to pay the amount of the judgment aforesaid, with interest and costs of appeal, and a refusal on the part of the defendants to pay said sum.

The defendant Abbott was defaulted, the defendant Rockwell pleaded in bar, " That the recognizance specified in the said plaintiff's declaration was executed in the following manner, to wit: That on the 16th day of March, A. D. 1852, the said plaintiffs sued one Lewis Bunce and garnisheed Carlisle S. Abbott, he being the same Abbott aforesaid, and notified said Abbott to appear before said Goddard, a justice of the peace, on the 19th day of March last ; that on the

20th day of March, said Abbott did not appear before said justice, nor any one for him, and there was no issue joined between said parties, and that said justice, on the exparte motion and proofs of said plaintiffs, rendered judgment against said Abbott, as garnisheed, for $33.69 and costs; and said defendant further says, that on the 22d day of March, 1852, the recognizance aforesaid was executed by said Carlisle S. Abbott and said defendant together, conditioned as aforesaid, for the appeal of the cause from said justice.

And that said defendant noticed the said cause for trial at the last term of the Rock County Court, and that at said term the said plaintiffs by their attorneys moved the court then and there to dismiss said appeal (for the prosecution of which said recognizance was given) on the ground that there was no issue joined below before said justice according to section 226 of chapter 88 of the Revised Statutes, and that there was no jurisdiction in said appellate court, the case not being appealable.

"And this the said defendant is ready to verify," &c.

To this plea the plaintiffs demurred. The justice sustained the demurrer. The defendant appealed to the County Court. Pending the appeal Barker died. The suit proceeded in the name of Love, survivor. The County Court at the February term thereof, 1853, overruled the demurrer, and gave judgment for defendant for his costs. The plaintiff brings error.

*M. H. Carpenter*, for plaintiff in error.

1. The recognizance is a record, and imports absolute verity. The defendant is therefore estopped to

deny, what the recognizance recites ; that an appeal was taken. *Smith vs. Whittaker*, 11 *Ill. Rep.* 417 ; *Lainson vs. Tremer*, 1 *Adolph. & Ellis*, 792 ; 28 *Eng. Com. L. R.* 214 ; *Bowman vs. Taylor*, 2 *Adolph. & El.*, 278 ; 29 *E. C. L. Rep.*, 90.

2. The matter creating the estoppel, appears in the declaration ; a demurrer to the plea is therefore the proper way to take advantage of the estoppel. See cases above cited, and *Rainsford vs. Smith, Dyer*, 196 *a.* ; *Kemp. vs. Goodal, Ld. Raym.*, 1154 ; *Palmer vs. Elkins, Ld. Raym.* 1554.

3. This case is fully and conclusively settled in this State, by *Clark vs. Mills*, 2 *Chand.* 94. The old statute is precisely like the present, on this subject, and is imperative that no appeal shall be allowed in any case, unless the following requisites be complied with, within ten days after judgment rendered, viz : An affidavit shall be filed, &c. *Sess. L.* 1844, *p.* 16. In *Clark vs. Mills*, an appeal had been taken, without filing the affidavit ; that is, it was taken in a case, where the statute was imperative that no appeal should be allowed. When the appeal was dismissed, Mills was sued on his recognizance, and held liable. The form of that recognizance is like the one at bar.

It is said in *Clark vs. Mills*, the appeal might have been taken, if the affidavit had been filed, and here it could not. We answer, an appeal might have been taken here, had an issue been joined between the parties. This was as much in the power of the party to do, as to file an affidavit for appeal. The only difference between the case of *Clark vs. Mills* and this, is, that in that case, the obstacle to an appeal might have been removed after judgment. Here it could not be; but until it was removed by the filing of an affidavit,

that cause was no more appealable than the one in question.

*M. V. Pasco*, for the defendant in error.

1. The justice of the peace, who took the recogni zance, was not authorized so to do, for there was no issue joined in the cause; and having no jurisdiction, of course the recognizance is void. *Dow vs. Prescott*, 12 *Mass.*, 433; 7 *Mass.*, 280, 340, 396; *Albee vs. Ward*, 8 *Mass.*, 78; *Commonwealth vs. Loveridge*, 11 *Mass.*, 387.

2. There was no consideration for the promise made by the defendant. He agreed to do that which the law said he should not.

3. When the statute speaks of the condition of the bond or recognizance, in reference to the dismissal, &c., it has reference to those suits that are appealable, and which, for irregularity of some kind, should be dismissed. It certainly cannot contemplate the dismissal of that, the appeal of which is not provided for. *Beach vs. Springer*, 4 *Wend.*, 519; *R. S.*, 475, § 226.

4. An appeal irregularly taken, does not operate as a supercedeas. Such an appeal will have no effect. *Commonwealth vs. Messinger*, 4 *Mass.*, 462, 471; *Campbell vs. Howard*, 5 *Mass.*, 376; *Com'lth vs. Richards*, 17 *Pick.*, 295; *same vs. Dunham*, 22 *id.*, 11; *same vs. Brigham*, 16 *id.*, 10.

*By the Court*, WHITON, C. J. We do not think that the defendant is entitled to set up the matters stated in his plea, as a defence to this action. The recognizance on which the suit was brought, was entered into

by the defendant, and the defence sought to be interposed to the action is, that the recognizance is void, because the justice before whom it was taken, had no authority to take it, as no appeal lay from his decision. The plea admits that the recognizance was entered into for the purpose of perfecting an appeal of the case to the County Court; but the defendant insists that no appeal lay from the decision, and that the proceedings before the justice, subsequent to the rendition of the judgment, are consequently void. We suppose there can be no doubt of the correctness of these positions of the defendant. The statute did not authorize an appeal of the case to the County Court; and when, by law, no appeal can be had, we do not see how any legal consequences can follow from proceedings taken to perfect it.

But this does not meet the difficulty. The recognizance was entered into by the defendant, together with Abbott, and recites the fact of the recovery of the judgment, and that an appeal had been taken to the County Court. To allow the defendant to set up and prove these facts to contradict his own recognizance, would be to allow him to obtain a delay in the issuing of the execution upon the judgment rendered by the justice, and then, when the delay has been obtained, insist that the recognizance which procured it, created no legal obligation. While we think this is a case where it would be gross injustice to allow the defendant to avail himself of the defence set up in his plea, we are equally well satisfied, that it is a case where the doctrine of estoppel applies, as laid down in the authorities. 1 *Roll's Abr.*, 872; *id.*, 873; *Lainson vs. Tremere*, 1 *Adolph. & El.*, 782; *Bowman vs. Taylor*, 2 *Adolph. & El.*, 278.

In the case of *Lainson vs. Tremere*, above referred to, an action was brought upon a bond, the condition of which recited, that by indenture of lease, made between the plaintiff's testator and the defendant, the plaintiff's testator demised certain premises to the defendant for the term of thirty-one years, at the yearly rent of one hundred and seventy pounds; and the condition of the bond was stated to be the payment of the yearly rent of one hundred and seventy pounds, &c. The defendant pleaded, that by the indenture of lease in the condition mentioned, the yearly rent reserved was one hundred and forty pounds; that he had entered by virtue of the demise, and had well and truly paid to the plaintiff's testator the said sum of one hundred and forty pounds, &c. In giving the opinion of the court, Lord Denman observed: "Upon what appears in the record, there is no doubt; but if an action of covenant had been brought on the lease, only one hundred and forty pounds could have been recovered; and there certainly is an apparent incongruity in saying that different sums are to be recovered, according as the proceeding is on the bond or on the lease." But the court held that the defendant was estopped from saying that there was no such lease as was stated in the bond, and that to permit him to show a lease at a rent of one hundred and forty pounds, would be the same thing. So the plaintiff had a judgment. We think that the defendant in this case is estopped from saying, as he has attempted in his plea, that there was no appeal taken from the judgment of the justice, and that therefore the recognizance is void.

The judgment of the County Court must therefore be reversed.