GEORGE E. H. DAY, Plaintiff in Error,

*vs.*

GEORGE SOUTHWELL et al., Defendants in Error.

ERROR TO THE MILWAUKEE COUNTY COURT.

If an agent receives of his principal a bill, order, note, or account for collection, in an action to recover of him the proceeds thereof, he is estopped from denying the title of his principal, unless he has been lawfully required to account elsewhere. If no claim be interposed adverse to that of the principal, the agent is estopped from denying the title of his principal.

When the affidavit for a writ of certiorari stated that in the "opinion" of the affiant there was reasonable "ground" for granting the writ, and the statute requires that in his, (the affiant's) belief there was sufficient "cause" for granting the writ. Held sufficient.

The material facts in this case are set forth in the opinion of the court sufficiently to appreciate the points decided thereby.

*Peter Yates,* for the plaintiff in error.

*Jason Downer,* for defendant in error.

*By the Court,* SMITH, J. This was an action of assumpsit brought by the defendant in error against the plaintiff in error, before a justice of the peace of Milwaukee county, and judgment rendered in favor of the defendant below, now plaintiff in error. The case was brought to the County Court by certiorari, where the judgment of the justice was reversed, and the defendant below now brings his writ of error, to reverse this judgment of the County Court.

Upon a case of this magnitude, involving no new or important principle, we do not feel called upon to

43

JUNE TERM
1854.

Day
vs.
Southwell
et al.

state at length the material portions of the record. The assignment of error in the court below is general, that the judgment of the County Court was given in favor of the defendant in error, whereas by the law of the land, it ought to have been given in favor of the plaintiff in error.

It appears from the return of the justice, that on the trial before him, it was admitted by the then defendant, Day, that he had received a city order in favor of and payable to, the plaintiffs, issued by the board of school commissioners, of the city of Milwaukee, in payment of an instalment of rent; that he brought in the bill for rent, and gave a receipt for the order. The order was payable to the plaintiffs. The plaintiffs acted in their own right, and in their own names. The bill of rent was for a school room under the Methodist church, which was the reputed owner of the building, but the bill was not to the plaintiffs as trustees. The order was produced, and admitted to be paid and cancelled. It further appeared that the plaintiffs were trustees of the Methodist church or society, and had possession of the building, but witness did not know whether they held the premises as trustees or in their own right. The society was not incorporated.

The foregoing are the material facts in the case, upon which it is contended that the plaintiff ought not to recover, because it is alleged that they were the mere agents and servants of the church or society, had no legal or beneficial interest in the money due for rent of the premises, and could not maintain an action in their own names; that the society, or church, being unincorporated, the action should have

been brought in the names of all the owners of the premises.

But we think the defendant, Day, was estopped from denying the right or title of the plaintiffs in this case. He took in the bill for rent, as due to them in their own right. He received the order for them and in their behalf, according to his own admission. It appeared that the order had been paid and cancelled, and it was incumbent on him to show how he had disposed of the order or its proceeds. He acted as their agent, and by the presentation of the account, and taking the order in the name of the plaintiffs, he thereby acknowledged that he acted in their behalf and took the order for their use, and he cannot now be permitted to dispute their claim by a naked denial of their right and interest in the order or proceeds. The doctrine of estoppel applies to him with full force. He does not pretend that he has accounted for the order, or for its proceeds, to the church or society, or that they have ever claimed any interest therein. He admits that he received the order in payment of the account for rent presented by him, in behalf of the plaintiffs, and now seeks to evade his liability to account to them by a mere naked denial of the plaintiffs' interest. There is no principle of law or morals which would warrant such a course. *See White vs. Swain*, 3 *Pick.* 365 ; *id.* 38 ; 5 *Pick.* 193 ; *J. J. Marsh*, 378 ; 6 *Barb. S. C. Rep.* 589 ; 14 *Mass.* 241 ; 11 *Conn.* 240 ; 8 *Verm't*, 461 ; 17 *Mass.* 365 ; *Am. Lead. Ca. title estoppel* ; 1 *Wis. Rep.* 382 ; *id.* 452 ; *Roll's Abr.* 872, 873 : 1 *Adolp & E.* 782; 2 ; *id.* 278.

It is contended that there was no proof that Day received the money on the order, and hence he ought

June Term
1854.

Day
vs.
Southwell
et al.

to recover. But he admitted that he received the order, and that is enough to hold him liable to account for it. If he had delivered it over to his principals, and they had received payment, he could have shown it, and it was incumbent on him to do so.

One other point is proper to be noticed, as it bears directly upon the practice, in cases of certiorari to justices of the peace, under the statute.

In the County Court the defendant moved to quash the writ of certiorari, for the reason that in the affidavit therefor it is not stated, that "in the belief of the affiant there is reasonable cause for granting such certiorari, and because the affidavit is not made by the party, his agent or attorney."

The affidavit is made by Jason Downer, who states that he acted as the attorney of the plaintiffs on the trial before the justice, and proceeds to state all the proceedings before the justice, and the affidavit concludes in these words: "and in the *opinion* of this affiant there is reasonable ground for granting a writ of certiorari for error in such judgment, and he alleges the following errors in the rendition of such judgment, to wit, &c.." " and this affiant further states that this application for a writ of certiorari is made in good faith, and not for the purpose of delay."

Section 213 of chapter 88 of the Revised Statutes, provides that "the party applying for such certiorari, his agent or attorney shall within twenty days after the rendition of such judgment, present to a judge of a court of record, or court commissioner, an affidavit, stating that in his *belief* there is reasonable cause for granting such certiorari for error in such judgment, (setting forth the ground or error alleged,) and that

the application is made in good faith, and not for the purpose of delay," &c.

The ground of objection is, that the affidavit does not pursue the language of the statute. The language of the affidavit is, "and in the opinion of this affiant, there is reasonable *ground* for granting," &c., whereas that of the statute is, "in his (the affiant's) *belief* there is reasonable *cause* for granting such certiorari," &c.

We think the affidavit sufficient. Every requisite of the statute is substantially complied with. The nice philological distinction between the words "opinion" and "belief" are too subtle and refined to form a basis on which to ground substantial justice, and it is matter of sincere congratulation to the profession as well as to suitors, that the day is gone by when parties are to be turned out of court upon merely frivolous technicalities of this kind. The cases referred to in support of this motion, are certainly of weight. But they relate to the practice in the State of New York, and do not tend to settle any substantial principle of law, so as to become authority here. Besides for the most part, they refer to affidavits of merits, to put off a cause, tending rather to delay, than to advance the progress of the suit, and hence should be held to a more strict conformity. In cases of appeal, we have held to the practice as settled in *Brown vs. Pratt & Wood*, 4 *Chand.* 32 ; because, being settled, it was deemed unwise to change or alter it without cogent reasons, which did not exist.

We are also of the opinion that it sufficiently appears that the affidavit in this case was made by Mr. Downer, as the attorney of the plaintiffs.

The judgment of the County Court is affirmed, with costs.