BERNARD SCHMUCKER, Plaintiff in Error, *v.* MARTIN E. STEIDEMANN ET AL., Defendants in Error.

### February 3, 1880.

An appeal-bond, though not required, if given by an executor, in the usual form, binds the executor and his sureties, and they are liable in an action upon it if the judgment appealed from be affirmed.

APPEAL from the St. Louis Circuit Court.
*Reversed and remanded.*

KEHR & TITTMANN, for the plaintiff in error: The defendants having in their bond recited the judgment and procured for the defendant therein the benefit of an appeal, are estopped from denying the existence or validity of the judgment. —*Norton* v. *Miller*, 25 Ark. 108 ; *Corbett* v. *Carroll*, 50 Ala. 315 ; Big. on Estop. 295 ; *Levi* v. *Dorn*, 28 How. Pr. 217 ; *Keller's Executor* v. *Buler*, 4 J. J. Marsh. 655 ; *Love* v. *Rockwell*, 1 Wis. 382.

BROADHEAD, SLAYBACK & HAEUSSLER, for the defendants in error.

HAYDEN, J., delivered the opinion of the court.

This is an action upon an appeal bond given by the defendants as sureties of one Seitz. Seitz and the plaintiff were executors of the estate of Ludwig Seitz, and, as such, exhibited their accounts in the Probate Court for final settlement, and an order of distribution was made. Among other things, the court ordered that the executors receive, as compensation and commissions, $2,490.30, to be equally divided, etc. Seitz, claiming commissions in proportion to his share of the labor, appealed from this order ; and in the Circuit Court the judgment was affirmed, and it was ordered that of the total commissions there be paid one-half to Seitz and one-half to the plaintiff. Seitz appealed from this decision to this court, and, in perfecting his appeal, filed a bond, of which the material parts are as follows, after the usual obligation, the parties being Seitz as principal and the defendants as sureties, and the plaintiff the obligee :

" The condition of the above obligation is such, that whereas the said Charles Seitz has appealed from the judgment rendered against him and in favor of said Bernard Schmucker, in the Circuit Court of St. Louis County, for the sum of one thousand two hundred and forty-five dollars and fifteen cents, together with costs, directing the payment of said sum to said Schmucker as his part of the commissions allowed to Charles Seitz and Bernard Schmucker as

executors of Ludwig Seitz, deceased : Now, if said appellant shall prosecute his appeal with due diligence to a decision in the St. Louis Court of Appeals, and shall perform such judgment as shall be given by the St. Louis Court of Appeals, or such as the St. Louis Court of Appeals may direct the Circuit Court of St. Louis County to give ; and if the judgment, or any part thereof, be affirmed, will comply with and perform the same, so far as it may be affirmed, and pay all damages and costs which may be awarded against him by the St. Louis Court of Appeals, then this obligation to be void, otherwise to remain in full force and effect.

" Approved in open court this twenty-ninth day of September, A. D. 1877.

"Charles Seitz,      [Seal.]
"M. E. Steidemann, [Seal.]
"Louis J. Holthaus. [Seal.]

"Attest: J. Fred. Thornton, *Clerk*."

In this court the judgment of the Circuit Court in that case was in all things affirmed. Upon the trial in the court below in the case at bar, the facts stated were shown, and the defendant, against objection, introduced the transcript of proceedings in the Probate Court as it appeared in the former case. There was judgment for the defendants.

It is contended by the defendants that there can be no recovery on the bond sued on, as this bond was given contrary to law, and cannot be of any avail to the plaintiff. In the sections in regard to appeals from the Probate Court it is provided that chap. 127 shall not be so construed as to require any executor or administrator to enter into bond in order to entitle him to an appeal. Gen. Stats. 1865, chap. 127. So, in regard to appeals from the Circuit Court to the appellate courts, it is in substance provided that when the appellant shall be an executor or administrator, and the action shall be by or against him as such, the order allowing appeal shall stay execution. Gen. Stats. 1865, p. 684. But these provisions do not make the

bond sued on void. It may be admitted that Seitz was not obliged to give bond. Still, he chose to do so. There is no evidence that he was compelled to do it. He probably had the money in his own hands and was willing to give bond in order to retain it, without question being made. However this may be, he did give bond, with recitals, as above, and he and the defendants have led the plaintiff to proceed in the belief that in the event which has happened he could rely upon the sureties. The plaintiff may have been led to defer other action by the fact that he had this additional security. From all the facts it is fairly inferable that, for reasons of their own, either that Seitz might retain the money unquestioned, or otherwise he and his sureties on the one hand, and the plaintiff on the other, agreed to put the matter on the basis recited in the bond, of judgment against Seitz, and to provide that in the events stated the bond should be obligatory. There would be nothing contrary to law in this; and the presumption is in its favor, as it is to be supposed that the bond has some meaning.

If the case is put on the ground of estoppel, the decisions have gone further than it is necessary to go here. Where no appeal lay from the decision of a justice of the peace, and the bond recited the fact of the recovery of judgment, and that an appeal had been taken, thus securing delay, it was held that the parties to the appeal-bond were estopped from alleging its invalidity. *Love* v. *Rockwell,* 1 Wis. 382. See *Lainson* v. *Tremere,* 1 Ad. & E. 801; *Kellar* v. *Beeler,* 4 J. J. Marsh, 655. Where an instrument or proceeding is absolutely void, sureties in some cases may not be estopped from showing the facts; but they are bound by recitals, which are in the nature of solemn engagements, entered into by them under their hands and seals, upon which other contracting parties have been led to rely, independently of the truth or accuracy of those recitals.

It is said there was here no evidence that the Circuit Court had certified the judgment to the Probate Court, with

directions for its execution. Under the issues in this case it was not necessary there should be any. The question was as to a breach of the bond, and this was clearly shown. What the law provides would follow the affirmance.

The judgment is reversed and the cause remanded. Judge BAKEWELL concurs ; Judge LEWIS is absent.