# WHEELING.

### B. & O. R. R. Co. *v.* Vanderwarker *et als.*

Submitted August 11, 1881.   Decided March 11, 1882.

*(Haymond, Judge, Absent).

1. In granting an appeal and *supersedeas* or writ of error the law does not require, that any entry or record shall be made of the fact; and in a case where an appeal was docketed in this Court, and no entry or record appears, as to whether an appeal simply or an appeal with *supersedeas* was granted (the order of publication not showing nor the process, it being lost, what was the character of the writ granted) it may be inferred by the court, that a *supersedeas* was awarded, where the circumstances show, that both parties acted on that hypothesis.

*Counsel in the court below.
34

2. A decree was pronounced against B., from which an appeal was taken ; a bond was given by D. the attorney at law of B., which recites, that a *supersedeas* had been allowed to the decree ; the appeal was subsequently dismissed, and execution was issued on the decree.   HELD :

    B. is estopped from denying, that a *supersedeas* issued.

3. If a party has enjoyed the benefit of a supersedeas-bond, though it was executed by his attorney at law alone, when the law required it to be executed with security, in a proceeding to enforce the debt, after the appeal had been dismissed, he is estopped from alleging, that the supersedeas-bond was invalid.

4. Section 3, chapter 140 of the Code of 1868 does not apply to an execution in the name of a receiver of a court of equity.

5. An execution in the name of one person, which includes two dsstinct claims decreed to different persons, should be quashed.

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Marion, rendered on the 3d day of February, 1881, in an action in said court then pending, wherein the Baltimore & Ohio Railroad Company was plaintiff, and Isaac J. Vanderwarker and others were defendants, allowed upon the petition of said plaintiff.

Hon. A. Brooks Fleming, judge of the second judicial circuit rendered the judgment complained of.

The facts of the case are stated in the opinion of the Court.

*C. Boggess* for plaintiff in error.

*J. J. Wade* for defendants in error cited the following authorities:   Code ch. 139 § 2 ; *Id.* ch. 140 § 3 ; 3 Wall. 704 ; 8 Gratt. 289 ; 7 Wall. 577 ; 18 How. 537 ; 10 La. Ann. 487 ; 3 W. Va. 362 ; 14 Abb. (N. Y.) 38 ; 2 Hun 571 ; 2 J. J. Marsh. 280 ; 62 N. Y. 111, 114, 117 ; 1 Wis. 382 ; 10 Gratt. 480 ; *Id.* 198 ; 15 Gratt. 189 ; 13 Gratt. 265 ; 1 Dana 327 ; 12 Otto 415 ; 7 Rob. Pr. 388 and cases cited ; *Id.* 391, notes 392, 393, 429 ; 15 Ind. 56 ; 13 How. 308 ; 10 Md. 280 ; Herman on Estop. §§ 343, 331, 350, 337, 349, 336 ; 1 Phil. Ev. 382, 391 ; 2 Bos. & P. 453 ; 7 Bac. Ab. 620 ; 6 Leigh 299 ; 63 Pa. 97 ; 7 Rob. Pr. 476, 477 ; 47 Barb. 206, 211 ; 2 Burrows 660 ; 9 Gratt. 391 ; Foster on *Sci. Fa.* 8, 69, 70 ; 10 Wall. 25 ; 12 Wheat. 129 ; 4 Gratt. 25 ; 12 Gratt. 579 ; Code p. 550 § 18 ; 1 Rob. Pr. 635 ; 1 Leigh 163 ; 3 T. R. 530 ; 6

Leigh 373 ; 7 Gratt. 447 ; 10 Leigh 400 ; 6 How. Pr. R. 462 ; 8 Bac. Ab. 601 ; Comyn Dig. Ex. 1–4 ; Cro. Eliz. 416 ; Cro. Jas. 364 ; 6 Wis. 350 ; 22 Ill. 91 ; 3 Ill. 572 ; 24 Cal. 52 ; 29 Cal. 138 ; 3 J. J. Marsh. 376.

PATTON, JUDGE, announced the opinion of the Court:

Isaac J. Vanderwarker after a protracted litigation with the B. &. O. R. R. Co. commencing in October, 1853, obtained a decree in the circuit court of Marion county against that company on the 3d day of February, 1864, for the sum of $9,637.24 with interest from the 23d day of June, 1854. Certain creditors of Vanderwarker having in that suit established claims against him to a large amount, it was provided in the decree, that $4,314.24 of that sum with interest from the 23d day of June, 1854, should be paid by the company to the receiver of the court and be disbursed by the receiver to the said creditors of Vanderwarker. The decree also provided, that the company should pay to Vanderwarker the sum of $60.27 costs for the taking of a certain account by a commissioner of the court. This cause was by the B. & O. R. R. Co. taken to the Supreme Court of Appeals, and remained on the docket from the first Monday of September, 1864, to the 9th day of June, 1880, when it was dismissed upon a rule awarded at the preceding January term of the Court for a failure upon the part of the company to mature the cause for hearing. When and how this cause reached this Court does not appear on the records. It could have been brought here by direction of the Court or by a judge thereof in vacation ; but in either event it would not have been necessary under the law, that the records should show the fact, as the placing of the cause upon the docket of the Court either by the direction of a single judge in vacation or by the Court in term-time would have at once made it a cause pending in court with all the consequences of that condition of the cause as fully, as if an endorsement had been made upon the record itself by a single judge or an entry by the clerk, had it been directed by the Court in term-time, as is generally done, where an appeal or appeal with *supersedeas* or writ of error is allowed by a single judge or in term. The first appearance of the cause in this Court was an order of publication issuing from the clerk's office of the

Court on the first Monday in September, 1864, which after designating the style of the suit as the B. & O. R. R. Co. appellant v. Isaac Vanderwarker et. als. as appellees, proceeds: "Upon an appeal from the circuit court of Marion county," it is ordered, that the non-resident defendants appear at the time and place named, "then and there to have a rehearing of the whole matter in the decree aforesaid contained, and that this order be published for four weeks in the *Weekly Wheeling Intelligencer.*" It does not appear that this order of publication was ever executed, or what was the process served on the home-appellees, or whether any was. The cause was regularly continued from term to term on the docket of the Court, until it was dismissed as before stated on the 9th day of June, 1880, for failure to mature the appeal by execution of the order of publication.

After this appeal was dismissed, the receiver of the circuit court of Marion county, James O. Watson, had a writ of *fi. fa.* issued from the clerk's office of that court for the said sum of $4,314.24 with interest from the 23d day of June, 1854, the sum directed to be paid to him by the decree, and $60.27, the amount directed by the decree to be paid to Vanderwarker. The railroad company on the 14th day of February, 1881, moved to quash this writ; but notice being waived by the appellee, it does not appear upon what ground the motion was made. The court overruled the motion to quash and gave costs against the company. From this judgment the company obtained a writ of error and *supersedeas* to this Court.

The evidence upon said motion consisted on the part of the plaintiff in error of the writ of *fi. fa.*, the decree in the chancery cause, the petition for appeal in that cause, and the admission of the defendant in error, that no writ of *fi. fa.* had issued on said decree until the 30th of July, 1880. On the part of the defendant in error the evidence consisted of the order of publication issued from the clerk's office of the Supreme Court of Appeals—the several orders of continuance of the chancery cause in that court—the rule and order of the court upon the rule dismissing the appeal—extracts from the chancery cause showing that Despard was of counsel for the plaintiffs in error in that suit—a bond signed and sealed by B. Despard, bearing date the 8th day of August, 1864, with

the penalty of $7,000.00, and conditioned as follows, to wit: "The condition of the above obligation is such, that whereas the Clerk of the Supreme Court of Appeals of the State of West Virginia has issued a writ of *supersedeas* to a decree of the circuit court of Marion county rendered on the 3d day of February, 1864, in a chancery suit therein pending, in which the Baltimore and Ohio Railroad Company was complainant, and Isaac H. Vanderwarker and others were defendants. Now if the said Baltimore and Ohio Railroad Company shall prosecute the said writ with effect or shall well and truly pay the amount of the decree aforesaid and all such costs and damages, as shall be awarded, in case the said decree be affirmed, then the obligation to be void; otherwise it is to remain in full force and virtue," which was endorsed by the clerk of the circuit court of Marion county with the style of said chancery suit and " filed August 8, 1864 "—the fact, that B. Despard was counsel for the plaintiffs in error in 1864 at the date of the bond, and that there was no other person named Despard practicing law in that region of country at that time, and that the signature " B. Despard" to said bond is the genuine signature of said Despard.

The first error assigned is, that more than ten years having elapsed from the time of the decree to the issuing of the execution, the statute of limitations applied, and no execution could issue on said decree.   The petition, upon which the chancery case was docketed in the Supreme Court of Appeals, only prayed for an appeal; and although there is no order either by the judge of the court or of the court, and no process was served on the parties, showing what was the character of the writ awarded in the matter, the court is asked to infer, that no more than an appeal was allowed, and that therefore no impediment existed to the issuing of an execution at any time, and the party was in nowise impeded in his rights upon execution, and having voluntarily slumbered upon his rights for ten years he can not now demand this money.

It seems to me, that instead of there being an inference to be drawn in this case, that only an appeal was allowed, the inference is the reverse.   It is true, the petition only asks for an appeal; but I do not understand, that that fact would

have precluded the appellant either at the time or even subsequently from supplementing that prayer with an application for a *supersedeas*; and had that been done, there would have been no more record-evidence of the application being granted necessarily than appears, as to what was actually done. The counsel of the company, Despard, supposed a *supersedeas* had been obtained from some source ; for he executes the bond reciting that fact. Where did he obtain the amount of the penalty except from the process issued from the clerk's office of this court? He was a lawyer and knew, that either an appeal-bond or supersedeas-bond had to be given. The process was doubtless at that time in the hands of the law-officers of the county, and he must have known its nature. The fact, that the parties interested in so large a sum of money remained quiet for so many years, until the appeal was dismissed, when regardless of a mere appeal they could have made the amount at any time, is conclusive, that they too supposed the process, which emanated from the Appellate Court, superseded the decree and prevented its enforcement. As then there was no record-evidence of the character of the writ, and none was necessary, as both parties acted upon the hypothesis, that the writ was a writ of *supersedeas*, it seems to me, it would be a great injustice and contrary to the facts to conclude, that only an appeal was allowed. *Railroad Company* v. *Bradleys*, 7 Wall. 575 ; *Hudgins* v. *Kemp*, 18 How. 530.

But it is not necessary to rest that question upon a question of fact ; for however the fact may have been, the plaintiff in error is estopped from denying, that a writ of *supersedeas* was awarded in that case by the recital of that fact in the bond executed by its attorney, the benefit of which it received and enjoyed. *Hoke* v. *Hoke*, 3 W. Va. 561 ; *Bates* v. *Merrick*, 2 Hun 568 ; *Levi* v. *Dorn*, 28 How. (Prac.) 217 ; *Anderson* v. *Barry*, 2 J. J. Marsh. 280 ; *Hill* v. *Burk*, 62 N. Y. ; *Montieth* v. *Commonwealth*, 15 Gratt. 172 ; *Franklin's adm'r* v. *Depriest*, 13 Gratt. 257 ; *Wayman* v. *Taylor*, 1 Dana 527 ; *Daniels* v. *Tearney*, 12 Otto 415 ; *Adams* v. *Robinson*, 1 Pick. 461 ; Story on Agency § 24, note, 8th ed. ; *Foster* v. *Blount*, 1 Overton 342 ; *Scaggs* v. *Balto. & Wash. R. R. Co.*, 10 Md. 281.

In the case of *Foster* v. *Blount* cited above it is held, that an agent may obtain a *certiorari* for his principal without producing his authority. The Court in their opinion say: "In cases of this kind it never has been the practice of our courts to require the agent to produce a power of attorney as authority for the purpose of obtaining redress by resort to this Court. The court always presumes the agency, as it is stated." In the case of *Adams* v. *Robertson* it was held, that a party by his attorney may in the suit recognize to prosecute an appeal from the court of common pleas. The record showed, that on the day, when the judgment was rendered against Hill, his attorney claimed an appeal and offered to recognize as surety ; and the attorney's name was accordingly entered by the clerk in his docket as having recognized. The clerk afterwards made out a recognizance in the name of Hill as principal and the attorney as surety leaving a blank for the day of entering into it. It was objected, that the record did not show, at what time the recognizance was entered into, and that it showed only an *offer* by the *attorney* to recognize and so was not a compliance with the Statute of 1820, ch. 79, § 4, which required, that "the party appealing" shall recognize with sufficient surety. But it was resolved by the court, that "the appeal was regular, as the principal recognized by his attorney, and could not deny the record ; that the principal need not appear personally, and if the attorney bound him without his knowledge or consent, the attorney must answer to him for any damages, which he might sustain."

The law does not require, that the party obtaining an appeal or *supersedeas* shall himself execute a bond, with security ; but that he or some one for him shall do so. The bond in this case was executed by Despard alone ; and doubtless if the sufficiency of the bond had been objected to at the time and by the party interested, the objection would have been sustained. By the Code of New York § 341 it was provided, that "an undertaking upon an appeal shall be of no effect, unless it be accompanied by the affidavit of the sureties, that they are each worth double the sum specified therein." In the case of *Hill* v. *Burke, supra* it was held, that the sureties could not escape liability upon the undertaking, because

such affidavits had not been filed; that if the bond was a nullity, so as it operated as an appeal-bond, it worked an estoppel, so far as the obligors therein were concerned; that the object of the provision was to protect the appellee against insufficient security upon an appeal, but was not intended, that the sureties should escape, because there was an informality in the justification, or because it was not strictly in accordance with the Code. It was also held in the case of *Love* v. *Rockwell*, 1 Wis. 387, that a surety upon a recognizance given for an appeal was estopped from setting up, that no appeal could lie from the decision in the case; that the justice had no right to take the recognizance, and it was a nullity. In the case of *Daniels* v. *Tearney supra*, it was held, that the obligors in a bond given under an unconstitutional law of the Confederate government, which authorized an execution-creditor to give such bond to suspend the sale of property, until the operation of the law ceased, were estopped from asserting the unconstitutionality of that law. They availed themselves of its benefits, and would not be permitted to escape the responsibility. In the case of *Phila. Wil. & Balto. R. R. Co.* v. *Howard*, 13 How. 307, 335 it was held, that where a corporation sued in *assumpsit* and defeated the action, on the ground that the contract was under the seal of the company, it would not be allowed in a subsequent action of covenant on the sealed agreement to show, that the instrument sued on had not been properly sealed. "We are clearly of opinion, that the defendant cannot be heard to say, that what was asserted on the former trial was false, even if the assertion was made by mistake." *Vide* also *Scaggs* v. *Balto. & Wash. R. R. Co.*, where after quoting the above language the court say : "The party having had the benefit of the instrument in one action was held to be bound by it in another. When a bond is voluntarily entered into, and the principal enjoys the benefits, it was intended to secure, and a breach occurs, it is then too late to raise the question of its validity. *United States* v. *Hodson*, 10 Wall. 395.

It seems to me plain, that the bond in this case having been given for the benefit of the appellants, and they having enjoyed the benefit of it, they are estopped from denying,

that the decree of the 3d day of February, 1854, was superseded. The court below did not err in refusing to quash the execution on that ground.

It was also assigned as error, that the execution did not conform to the provisions of chapter 140 section 3 of the Code of 1868, which provides: "Where an execution issues on a judgment for the benefit in whole or in part of any person other than the plaintiff, if the fact appear by the record, the clerk shall in the execution or in an endorsement thereon state the extent of the interest therein of such person, and he (either in his own name or that of the plaintiff) may as a party injured prosecute a suit or motion against the officer." I do not think, even if this direction was absolute and not directory, that it would be a matter, of which the appellant could complain. But I understand the provision to apply to those cases, where a judgment at law is obtained in the name of one for the benefit of another, as in the case of an action in the name of the assignor for the benefit of an assignee, but not to decrees in equity, where the equitable owner is recognized as the party, in whom the right is, and not as the mere legal owner for the benefit of the equitable owner, as is the case at law. In a court of chancery a receiver is authorized to collect by execution and to disburse to innumerable creditors the money collected. It certainly could not have been contemplated by the statute, that such an execution should issue, as would enable each of these creditors to maintain an action against the officer.

I do not think the court below erred in refusing to quash the execution on that ground.

It is also assigned as error, that the amount decreed to be paid to the receiver and the sum of $60.27 decreed to be paid to Vanderwarker are included in the one execution. There is no sort of privity between these parties, and the sums are as separate and distinct, as if they had been decreed in separate suits and upon different causes of action. It is obvious therefore, that the court below erred in refusing to quash the execution on that ground.

I am of opinion therefore to reverse the judgment of the court below with costs to the appellant but without preju-

dice to the receiver or to Vanderwarker to issue other executions.

Judges Johnson and Green Concurred.

Judgment Reversed.