## CHARLESTON.

### Workman v. Doran.

Submitted January 19, 1891.—Decided January 24, 1891.

Options—Release.

> Where a defendant, a short time before the institution of a suit against him, has relinquished all right to and interest in the subject-matter of controversy, and subsequently, before the hearing, has his relinquishment put upon record, he can not complain that the Circuit Court, without awarding any costs against him has entered a decree in favor of the plaintiff and confirming the relinquishment of the defendant.

*J. W. Kennedy* for appellants.

*J. M. Broun, T. L. Broun* and *J. H. Ferguson* for appellees, cited Code, c. 112, s. 12.

LUCAS, PRESIDENT :

On the 11th of March, 1884, William Workman and wife, plaintiffs below and appellees here, gave to one L. Kessler an option on three thousand acres of land lying in Boone county at three dollars per acre. The option was, however, to expire upon certain terms and conditions not being complied with, notice thereof being served upon the purchaser by the owner of the land. On the 15th of March, 1884, Kessler assigned to one Joseph I. Doran, in trust for Horace J. Subers and Everett Gray. At June rules, 1888, Workman and wife filed their bill in the Circuit Court of Boone county to remove as a cloud upon the title of their land the effect of the contract of option by setting it aside and cancelling it, and requiring the defendants to execute a release. At February rules, 1889, the plaintiffs filed an amended bill, wherein they set out, in addition to the facts stated in the original bill, that on February 14th, 1888, the said Doran had executed a release of said option, wherein he admitted that the same had ceased and determined by reason of his failure to comply with its terms, which release was recorded in the clerk's office of Boone County Court, *pendente lite,* to wit, on the 17th July, 1888.

On the 16th of April, 1889, the defendants demurred to the original and amended bill, which demurrers the court subsequently overruled. The cause was heard finally on April 24th, 1890, and the Circuit Court held that the said option had ceased, by reason of a failure to comply with its conditions, and declared the same to be null and void, but awarded no costs against defendants.

The defendants in this case having formally released all interest in the subject-matter of controversy, and deliberately recorded the release, are estopped to complain that the court below has, without any cost to them, put the seal of a judicial sanction upon the defendants' own construction of their rights. The principle laid down in *Railroad Co.* v. *Vanderwarker,* 19 W. Va. 265, that a party must be consistent in the assertion of his rights before the court, applies with eminent propriety to this case; and, even if there were error in the action of the court below in the ap-

pointment of a special judge or other steps in the progress of the case, it is impossible to see how the appellants have been prejudiced thereby, since no costs have been awarded against them, and they have been deprived of no rights which they had not previously relinquished in a deliberate and formal manner, before and during the progress of the suit.

For these reasons we find no error in the judgment of the Circuit Court, and the same must be affirmed.

JUDGMENT AFFIRMED.

At the regular term of this Court, held in Charlestown, a motion was made by the appellees to dismiss this appeal as improvidently awarded. The court overruled the motion, and awarded costs against the party making it. At the present term a motion has been made by the appellees to correct the former order entered in Charlestown, so far as relates to thirty dollars, included by the clerk in his taxation of costs. Section 11 of chapter 138 of the Code prescribes that "in every case in an appellate court costs shall be recovered in such court by the party substantially prevailing." It is further provided, by section 13 of the same chapter, that the clerk shall include in the costs to the party prevailing in the court of appeals, thirty dollars. Though not expressly so stated in the law, it is by practice established, that this thirty dollars is intended as the attorney's fee in the taxation of costs. In the matter of a motion, which, should it prevail would finally dispose of the case, this Court in its discretion may award costs; and in such case the clerk, in taxing costs awarded to the prevailing party, should include the thirty dollars above referred to and described. This Court at its former term having awarded costs to the party who prevailed on the motion to dismiss, and the clerk having taxed properly the thirty dollars, we see no good reason why we should interfere with the judgment of this Court made at a former term, even should it be conceded that we have the power.

MOTION OVERRULED.

UPON A PETITION FOR REHEARING.

(February 11, 1891.)

LUCAS, PRESIDENT:

On petition filed for a rehearing in this case by counsel for appellants we have thought it best, as a ground for refusing to rehear, to set out the assignment and release upon which the affirmance of the court below was based. The assignment is as follows: "State of West Virginia, Boone county. Be it known that I. L. Kessler, the person named in the foregoing option or agreement of sale, for and in consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, have bargained, sold, assigned and transferred all my right, title and interest in and to the said agreement unto said Joseph I. Doran, in trust, under the terms and condition of a certain agreement between Horace J. Subers and Everett Gray, dated the ninth day of February, A. D. 1884. Witness my hand and seal, this 15th day of March, A. D. 1884. L. KESSLER. [Seal.]" Witnessed by JOHN S. CUNNINGHAM, A. A. ROCK.

The release executed by Joseph I. Doran, assignee, is as follows: "Release. Know all men by these presents: Whereas, L. Kessler has since the 1st day of February, 1884, obtained certain options on tracts of land and mineral rights in Boone and Logan counties, W. Va., which options, by deed of assignment indorsed thereon, the said Kessler transferred to me in trust under the terms and conditions of a certain agreement between Horace J. Subers and Everett Gray, dated the 9th day of February; and whereas, it appears that under the terms of the said options all the right, title and interest of the said Kessler and of myself thereunder has ceased and determined; and whereas, a number of the parties who granted the said options desire some formal acknowledgment to be placed upon record recognizing the cessation and determination of the said option: Now therefore, this writing witnesseth, that I hereby acknowledge, at the request of the said Horace J. Subers and Everett Gray, that all my right, title and interest existing under options taken in the name of L.

Kessler, and by him to me assigned in trust under the terms and conditions of a certain agreement between Horace J. Subers and Everett Gray, dated the 9th day of February, 1884, have ceased and determined, and I hereby authorize and impower the said L. Kessler to enter such acknowledgment of record wherever the said options have been recorded, or to execute and deliver to the parties granting the said options such acknowledgment in such form as may be deemed advisable: provided, however, that no liability is entered into or recognized as existing on my part, or on the part of the said Horace J. Subers and Everett Gray, whatever, under the said options, or on account thereof, and that the said L. Kessler has in no manner, or shall in no manner, make any such acknowledgment, or enter into any obligation whereby either I or those whom I represent under said agreement shall be personally liable on any account whatever in connection with the said options or their releases therefrom. Given under my hand and seal, this 14th day of Feb., 1888. JOSEPH I. DORAN. [Seal.] Witnessed by L. KESSLER."

It will be perceived that Kessler assigned all his interest to Doran, trustee, and there is not the slightest evidence in the record to indicate or tending to indicate that Kessler has the slightest present interest in this controversy. The release of Doran recites that "it appears that under the terms of the said options all the right, title and interest of the said Kessler and myself thereunder has ceased and determined," and then proceeds to authorize and empower Kessler, who held the legal title, to enter an acknowledgment recognizing the cessation and determination of the said options.

It is earnestly contended by counsel for the appellants that this instrument is a mere power of attorney, authorizing Kessler to release such options as he might think proper. In a court of chancery, however, where the beneficial owner alone is looked to, such a paper as this, solemnly reciting that the equitable owner has no longer any interest, and authorizing the owner of the legal title to reconvey or make a formal acknowledgment of such release or abandonment, will be looked on as quite as effectual as

any more formal acknowledgment or reconveyance of the legal title could make it.

It is furthermore earnestly urged by counsel for the appellants that there are a large number of options held under similar papers, and upon which large sums of money have been paid. We can, of course, consider nothing outside of the record. If any money has been paid since this release, how far the payment and acceptance may operate as a waiver of the release and reinstatement of the options is not for us to determine. The petition to rehear is refused.

PETITION REFUSED.