# CHARLESTON.

Town of Weston v. Ralston *et al.*

(Brannon, Judge, Absent.)

Submitted September 12, 1901.   Decided March 15, 1902.

1. Forthcoming Bond—*Judgment—Amount.*

In proceeding for judgment and award of execution on a forfeited forthcoming bond, the judgment should be for the true value of the property for the non-delivery of which the bond was forfeited, with interest on such value from the date of the bond and costs incurred in the proceeding; or for so much thereof as may be necessary to satisfy the demand against the defendant in the execution or warrant, with costs, by action or motion against the persons signing said bond. (p. 160).

2. PROPERTY—*Levy—Liability—Estopple.*

 . Where property of the execution defendant has been levied upon at the instance of the defendant by the officer having the execution, and a bond given for the forthcoming and delivery of said property on day of sale and such bond is forfeited, such defendant will be estopped from the defense that such property was not subject to levy. (p. 161).

Error to Circuit Court, Lewis County.

Action by the town of Weston against Er. Ralston and others. Judgment for plaintiff, and defendants bring error.

*Affirmed.*

W. W. BRANNON and W. B. McGARY, for plaintiffs in error.

E. A. BRANNON, for defendant in error.

McWHORTER, JUDGE:

The Town of Weston sued out of the clerk's office of the circuit court of Lewis County a writ of execution against the goods and chattels of Er Ralston for the sum of one hundred and seventy-three dollars and thirty-five cents which the Town of Weston, as appellant, had recovered against said Ralston on the 22nd day of April, 1899, for costs in the Supreme Court of Appeals wherein said Ralston was appellee, which writ was returnable to November rules, 1899. Said writ of execution was levied on five shares of stock of the Citizens Bank of Weston the property of said Ralston by the sheriff of said county on the 28th of October, 1899. On the 14th of November, 1899, said Ralston desiring to retain possession of the said property together with W. W. Brannon, as his surety, entered into a forthcoming bond for the delivery thereof on the 16th of November, 1899, at the front door of the court house of Lewis County, the time and place fixed for the sale thereof. On the 17th of November, 1899, the sheriff returned said bond to the clerk's office with the endorsement that "Er Ralston failing to deliver the property levied on, this bond is herewith returned forfeited." On the 5th day of June, 1900, notice was duly served on the obligors in said bond by the said Town of Weston reciting the execution of the bond and the condition thereof, and describing the execution mentioned in said bond as amounting at the date of the said bond, including the officers fees and commissions, to the sum of one hundred and eighty-three dollars and sixty-

two cents, and that the said Ralston having failed to deliver the said goods and chattels according to the condition of said bond, or to pay the amount due on the execution, that on the second day of the then next term of the circuit court of Lewis County the Town of Weston would move said court to award execution upon the said bond in its behalf against each of them for principal, interest and costs. On the 25th day of June, 1900, the parties appeared by their attorneys and the defendants craved oyer of the forthcoming bond in the notice mentioned and the said bond was read to the defendants and set out in the order as follows: "Know all men by these presents: That we, Er Ralston and W. W. Brannon are held and firmly bound unto the Town of Weston in the penal sum of three hundred and sixty-seven dollars and twenty-four cents for which payment well and truly to be made, we bind ourselves, our heirs, executors and administrators jointly and severally, firmly by these presents, sealed and dated the 14th day of November, 1899.

The condition of the above obligation is such that whereas, the Town of Weston has sued out of the clerk's office of the circuit court a writ of *fieri facias* against the goods and chattels of the above bound Er Ralston, which writ with the legal costs attending the same, amount to one hundred and eighty-three dollars and sixty-two cents. And whereas, Chas. B. Goodwin, deputy sheriff of said county, by virtue of said writ to said sheriff directed, hath taken the following property belonging to the said Er Ralston to the true value of five hundred dollars to satisfy the same, to-wit: Five shares of stock of the Citizen Bank of Weston.

And the said Er Ralston being desirous of keeping said property in his possession, and at his own risk, until the day of the sale thereof hath tendered the above bound W. W. Brannon as sureties for the forthcoming and delivery of the same on the day and at the place of sale. Now if the above bound Er Ralston shall and truly deliver the aforesaid property to said sheriff, or either of his deputies at the front door of the Court House of Lewis County on the 16th ·day of November, 1899, being the time and place fixed for the sale thereof, then the above obligation to be void, else to remain in full force and virtue.

ER RALSTON.        [Seal.]
W. W. BRANNON,   [Seal.]"

Defendants moved to quash the same and the notice thereon; "and the court certifies as an admitted fact in the cause that W. W. Brannon, the attorney of record for Er Ralston in the cause of *Er Ralston* v. *The Town of Weston* under an execution in which said bond was taken and also the attorney for said Ralston in this motion, and who is an obligor in said bond, suggested to the officer who levied said execution to levy the same upon the bank stock levied under the same; and thereupon the court overruled said motion to quash said bond and notice. And thereupon on inspection of said bond and execution it is considered by the said court that the plaintiff have execution upon the said bond for the sum of one hundred and eighty-three dollars and sixty-two cents with interest thereon from the 14th day of November, 1899, and its costs in this motion expended against the said Er Ralston and W. W. Brannon." To which judgment the defendants obtained a writ of error and *supersedeas* and made six assignments of error as follows: "1. It was error to overrule the motion of the petitioners to quash the bond. 2. It was error to overrule the motion of the petitioners to quash the notice. 3. It was error to award the execution upon the said bond for the sum of one hundred and eighty-three dollars and sixty-two cents, with interest thereon from the 14th day of November, 1899, and costs, when the penalty of the said bond is three hundred and sixty-seven dollars and twenty- four cents. 4. It was error to award execution for a sum different from that named in the penalty of the bond, thus making the judgment thereon differ upon its face from the judgment upon which the execution was issued, and thus making the said judgment no bar to the judgment upon which the execution was issued. 5. It was error to award any execution upon the said bond for the failure to deliver five shares of stock of the Citizens Bank of Weston, according to the condition of the said bond, the said stock not being property leviable or capable of delivery. 6. It was error to hold said bond to be valid, the validity of a forthcoming bond depending upon there having been a substantial levy upon actual tangible property of the defendant in the execution."

Plaintiffs in error file no brief in the case and there is nothing aside from the assignments of error to indicate what is objectionable or improper in the form of the bond or notice. The bond is in the form laid down and in ordinary use, is not subject to

any of the technical defences set out in 1 Barton's Law Pr. 157-8, and cases there cited in which such bonds were held to be defective. The bond properly describes the execution and the levy and is definite as to when and where and to whom the property shall be delivered on the day fixed for the sale thereof and seems to be in every particular sufficient. Barton in his second Vol. of Law Pr. 1040, speaking of the notice says: "If the form of it be such that the defendant cannot mistake the object of the motion it is sufficient." *Graves* v. *Webb,* 1 Call. 385; *Board* v. *Parsons,* 22 W. Va. 308; *Carr* v. *Meade,* 77 Va. 142. And at page 1053, II Barton says: "No special time for a notice being required it will come under the general rule of ten days and the form of the notice will be governed by the general principles already laid down." As to the form of the notice 9 Enc. Pl. & Pr. 666 says, "A material mistake in describing the forfeited bond will render the notice insufficient. But strict technical accuracy in the notice does not appear to be necessary." The notice seems to comply with every requirement of the law and is good as laid down in Hogg's Pl. & Forms, 426, and 8 Enc. of Forms 32, and the court did not err in overruling the motion to quash the bond and notice.

As to the third and fourth assignments that it was error to award execution upon the bond for one hundred and eighty-three dollars and sixty-two cents, the penalty of the bond being three hundred and sixty-seven dollars and twenty-four cents, or a sum different from the penalty of the bond. Section 4, chapter 142, of the Code provides: "The persons signing said forfeited bond shall be liable for the true value of the property therein mentioned and not delivered as aforesaid, with interest on such value from the date of the bond, and costs incurred in proceedings upon the bond. And the obligee in such bond * * * may recover said sum and interest, or so much thereof as may be necessary to satisfy his demand against the defendant in the execution or warrant, with costs by action or motion against the persons signing said bond." In *Holt* v. *Lynch,* 18 W. Va. 567, it is held that judgment should be rendered for the actual amount due on the execution with the fee for taking the bond and sheriff's commissions. So in *Scott* v. *Hornsby,* 1 Call top page 35; and *Id. Bell* v. *Marr* top page 40; also *Worsham* v. *Eggleston, Id.* top page 41. Under the statute judgment on a forthcoming bond should be rendered for the true value of

the property, for the non-delivery of which the bond was for-feited, or in case the amount due on the execution, including the fee for taking the bond and the officer's commissions, should be less than the true amount of the property, then it should be for such amount. The judgment entered in case at bar was for the proper amount.

It would seem from the fifth assignment of error that plain-tiffs in error would contend that the .execution should not have been awarded because the bank stock levied on was not such property as was leviable nor capable of delivery. In 13 Am. & Eng. Enc. of L., 1140, "The giving of a bond by the defend-ant to prevent the removal of the property estops the obligors to deny that the property was in fact levied on by the officer especially if the bond itself recites a levy;  *  *  *  The regu-larity and validity of the levy are also admitted by the execu-tion of the bond if the property levied on was in fact subject to seizure." In *Shaw* v. *McCullough,* 3 W. Va. 260, Syl., "Par-ties who voluntarily enter into a forthcoming bond are estopped from all inquiry into the regularity and validity of the levy of the writ of *fieri facias* upon which the bond was taken." In *Hall* v. *Wadsworth,* 35 W. Va. 375, it is held: "The defendant after voluntarily executing the bond and enjoying the benefits it conferred, to-wit: Of retaining in his possession the prop-erty levied upon, cannot be heard to dispute its regularity and validity in defence of a suit upon the bond." *Railroad Co.* v. *Vanderwarker,* 19 W. Va. 265. It is further said in 13 Am. & E. E. of L. 1141, that "The making of the bond does not admit the liability to seizure of the property levied on, nor does it estop the debtor to claim the benefits of statutory exemptions, unless by acts or omissions he waives his right." The exemp-tions referred to are constitutional and statutory exemptions and there are no such exemptions in this State of property so levied on in case at bar. Section 48, Art. VI, of the Constitu-tion provides what exemptions shall be made, and chapter 41 of the Code provides the mode for exempting personal property from levy and forced sale. This property having been levied on at the instance of the defendants they are now estopped from claiming that the same was not leviable. The property was of a character susceptible of delivery, the certificates of the shares of stock could have been delivered at the time and place fixed in the bond and sold as provided in the bond. By their acts in

inducing the officer to make· the levy and executing the bond they are now estopped from making such defence. There is no error in the judgment and the same is affirmed.

*Affirmed.*