## J. O. MORRISON, Appellant, v. AVERY E. BOLLINGER and W. K. CHANDLER, Respondents.

Springfield Court of Appeals, May 22, 1916.

1. **JUSTICES OF THE PEACE:** Appeal From: Bond: Parties. Action on appeal bond signed by defendant, an administrator, and others. The garnishee appealed from a judgment rendered against him in justice court. There was nothing to indicate that the defendant signed the bond in a representative capacity. Sec. 7568, R. S. 1909, relating to appeals from justice courts does not require appellant to sign the bond. Defendant was properly made a party to the action against the sureties on the bond.

2. **PLEADINGS:** Action on Appeal Bond: Justice Courts. Action on appeal bond given by defendant who appealed from an adverse judgment in a justice court. Petition examined and *held* to state a cause of action.

3. **APPEAL AND ERROR:** Indexing Abstract: Rule of Appellate Court. Under rule 15 (Springfield Court of Appeals) an abstract is required to be indexed. Yet an appeal will not be dismissed because the abstract was not indexed where it covered only four pages, consisting merely of petition and demurrer.

4. ———: Assignment of Errors: Rule of Appellate Court. Rule 18 (Springfield Court of Appeals) requires a statement of the points

relied on in appellant's brief. This requirement was sufficiently complied with where under a specific heading "Assignments of Error" appellant in his brief set out the points containing statements of error followed by citations of authorities.

Appeal from Bollinger County Circuit Court.—*Hon. Peter H. Huck*, Judge.

REVERSED AND REMANDED.

*Joseph W. Caldwell, George E. Conrad* and *Wm. M. Morgan* for appellant.

*W. K. Chandler* and *A. M. Spradling* for respondents.

FARRINGTON, J.—This is an action on an appeal bond. The circuit court sustained a demurrer to the petition and plaintiff appeals from the judgment.

I. The demurrer set up two grounds (1) that the petition did not state facts sufficient to constitute a cause of action, and (2) that there was a defect of parties defendant—being the sixth and fourth grounds of demurrer enumerated in section 1800, Revised Statutes 1909. Let us examine the face of the petition:

It is entitled J. O. Morrison, plaintiff v. Avery E. Bollinger and W. K. Chandler, defendants. It alleges that on June 25, 1914, Avery E. Bollinger and W. K. Chandler executed to plaintiff their bond for $125 (quoting) "upon the following conditions, to-wit: Whereas, plaintiff, J. O. Morrison did, on the 16th day of June, 1914, recover a judgment against R. T. Largent, defendant, and Avery E. Bollinger, defendant, before Thomas Huskey, a justice of the peace of Lorance township in said county and State, on note, in the sum of fifty-six dollars and seventy cents, with interest and costs, from which said judgment, defendant Avery E. Bollinger on said 25th day of June, 1914, filed before said justice his affidavit and bond for appeal to the circuit court of Bollinger county, Missouri, and which said bond was by said justice approved and an ap-

peal duly allowed defendant Bollinger to the circuit court of said county and State, on said date, and a transcript of said judgment, together with all the original papers in said cause was filed by said justice with the clerk of said court on the 29th day of June, 1914. The conditions of which bond are as follows: 'Whereas, Avery E. Bollinger, as defendant in garnishee in the case of J. O. Morrison against R. T. Largent, Avery E. Bollinger garnishee has appealed from the judgment of Thomas Huskey, a justice of the peace, in an action between J. O. Morrison, plaintiff, and R. T. Largent, defendant, and Avery E. Bollinger as garnishee defendant *as administrator of the estate of Louisa F. Lewis, deceased, defendant.* Now, if on such appeal, the judgment of the justice be affirmed or if on a trial anew in the appellate court, judgment be given against the appellant and he shall satisfy such judgment, or his appeal shall be dismissed and he shall pay the judgment of the justice together with the costs of the appeal, then this recognizance shall be void, otherwise it shall remain in force.' " The words italicized were omitted in appellant's abstract of the petition, but respondents have furnished a certified copy of the bond along with their brief which is not attacked by appellant, and therefore we take it to be the correct copy and have incorporated it.) The petition then avers a breach of the bond in this, that the circuit court dismissed the appeal of Avery E. Bollinger and that he has failed and refused to pay the judgment and costs of the appeal.

The first clause in the bond is: "We, the undersigned, Avery E. Bollinger, acknowledge ourselves indebted to J. O. Morrison . . ." It is signed by Avery E. Bollinger and W. K. Chandler. There is nothing whatever in the bond to indicate that Bollinger executed it in a representative capacity. The recital in the bond which we have italicized is of no importance for even though Bollinger were "defendant as administrator," it does not necessarily follow that he *executed the bond* in his representative capacity. The statute (section 7568, Revised Statutes 1909), does not require that the *appellant* sign the bond, so that even though it be

said that the petition shows on its face that Bollinger defended *as administrator* the suit in which the appeal bond was given (and this is all that the petition could be held to show on its face), this is no showing so far as a demurrer is concerned that Bollinger signed the appeal bond sued on in this petition as principal—that is as appellant. We hold that there is not a defect of parties apparent on the face of the petition, and therefore the demurrer should have been overruled as to that ground. [Schmucker v. Steidemann, 8 Mo. App. 302.]

II. We are also of the opinion that this petition states a cause of action and that this ground of demurrer was likewise not well taken. Respondents have not briefed this point. If this petition fails to state a cause of action for breach of a bond, it is difficult to conceive how actions of that kind could be successfully pleaded, for the petition contains every essential element of a cause of action.

It is held in the case of Schmucker v. Steidemann, 8 Mo. App. 302, that although an administrator or executor is not required to give bond in cases appealed from the circuit court to a higher court, yet if an administrator or executor together with sureties do make a bond in such cases, the bond is not void, and that if the condition is breached a recovery may be had on such a bond.

III. An examination of the statutes convinces us that in appeals taken from justices of the peace an administrator or executor must give bond as any other appellant. [Sec. 7568, R. S. 1909.] There is no exemption or exception made in this section as to administrators or executors. In certain cases arising in a probate court where an appeal is taken to the circuit court an administrator or executor need not give bond (Sec. 292, R. S. 1909); and the exemption is likewise declared in section 2042, Revised Statutes 1909, where the appeal or writ of error is lodged in the Supreme Court or Courts of Appeals. Probably the reason administrators and executors were not exempted by the Legislature in appeals from justice courts was because by section 7397, Revised Statutes 1909, a justice has no jurisdiction of

a suit *against an administrator or executor* unless it is a garnishment made after order, of distribution. [Godman v. Gordon, 61 Mo. App. 685.]

IV. Respondents' main reliance is on their motion to dismiss the appeal, the grounds of which are given first consideration in their brief.

The first of these grounds briefed is that the appeal should be dismissed because there is no index in the abstract under the requirements of our Rule 15. The abstract in this case covers four printed pages. The rule requiring an index is one for practical and reasonable application, designed to aid appellate courts in studying a case. With only a petition and demurrer, it would be inexcusable to dismiss the appeal for lack of an index.

Respondents contend also that there is no assignment of errors in appellant's brief. As a matter of fact, there is a specific heading *"Assignment of Errors,"* and under it are *Points,* 1, 2 and 3, followed by authorities grouped under these respective points. This is followed by an *argument.* At the beginning of the brief is a *statement.* The brief sufficiently complies with our Rule 18.

Respondents urge that the appeal was erroneously granted "because the affidavit for an appeal is insufficient in law," merely citing section 2040, Revised Statutes 1909. This contention has been examined and is upon the authority of Cassidy v. City of St. Joseph, 247 Mo. 197, 203, 152 S. W. 306, overruled.

For the reasons herein appearing, the court erred in sustaining the demurrer to the petition, and the judgment is accordingly reversed and the cause remanded. *Robertson, P. J.,* concurs in paragraph IV. and in the result. *Sturgis, J.,* concurs but expresses no opinion as to paragraph III.